No. 24-2081

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

GUISTINA APRILEO

*Plaintiff-Appellee*,

v.

CHERYL CLAPPROOD, individually and as Police Commissioner, City of Springfield; CITY OF SPRINGFIELD; OFFICER RICHARD T. WARD, individually and as Police Officer, Springfield Police Department; OFFICER THALIA CASTRO, individually and as Police Officer, Springfield Police Department; OFFICER JASON BACIS, individually and as Police Officer, Springfield Police Department,

*Defendants-Appellants*

On Grant of Interlocutory Appeal
Civil Action No. 3:21-30114

## APPENDIX OF THE DEFENDANTS/APPELLANTS

Kevin B. Coyle, Esq. BBO#103540
1299 Page Boulevard
Springfield, MA 01104
Tel:   (413) 787-1524
attycoyle@aol.com

*Attorney for Defendant-Appellant,*
*Richard T. Ward*

Lisa C. deSousa, Esq.
BBO#1105149
Tyler J. Kenefick
BBO# 1214191
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel: (413) 886-5205
ldesousa@springfielcityhall.com
TKenefick@SpringfieldCityHall.com
*Attorney for the Defendants-*
*Appellants, The City of Springfield,*
*Cheryl Clapprood, Jason Bacis,*
*Thalia Castro*

## <u>APPENDIX</u>

Appendix A          USDC Docket Report …………………………………....APP 1

                    [Pages 19-54 of Appendix A intentionally left blank
                    as place holders]

Appendix B          Complaint …………………………………………APP 55

Appendix C          Petition for Permission to File Interlocutory
                    Appeal ……………………………………………….APP 72

Appendix D          Report and Recommendation on Defendants'
                    Motion for Summary Judgment …………..………...APP 113

Appendix E          Order Adopting Report and Recommendation …..………APP 140

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Appendix with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on April 1, 2025.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Dated:  April 1, 2025

/s/ Lisa C. deSousa
Lisa C. deSousa
*Attorneys for Defendants-Appellants*

/s/ Kevin B. Coyle
Kevin B. Coyle
*Attorney for Defendant-Appellant*
*Richard Ward*

# United States District Court
## District of Massachusetts (Springfield)
## CIVIL DOCKET FOR CASE #: 3:21-cv-30114-MGM

Aprileo v. Clapprood et al
Assigned to: Judge Mark G. Mastroianni
Referred to: Magistrate Judge Katherine A. Robertson
Case in other court: USCA - First Circuit, 24-02081
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 11/08/2021
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## **Plaintiff**

| | | |
|---|---|---|
| **Guistina Aprileo** | represented by | **Jason R. Herrick**<br>Law Offices JRH<br>10 School St<br>Ste 100<br>Westfield, MA 01085<br>413-568-5200<br>Email: jasonherrick@comcast.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Anthony Gallant**<br>Law Office of Anthony Gallant<br>10 School St<br>Suite 200<br>Westfield, MA 01085<br>413-888-0266<br>Fax: 413-579-5242<br>Email: agallant777@gmail.com<br>*ATTORNEY TO BE NOTICED* |

V.

## **Defendant**

| | | |
|---|---|---|
| **Cheryl Clapprood** | represented by | **Lisa C. deSousa**<br>Law Department, City of Springfield<br>1600 East Columbus Ave. |

Springfield, MA 01103
413-886-5206
Email:
ldesousa@springfieldcityhall.com
*ATTORNEY TO BE NOTICED*

**Tyler James Kenefick**
Law Office of Tyler J. Kenefick
73 Chestnut Street
Springfield, MA 01103
413-426-4215
Email: tyler.j.kenefick@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Richard T Ward**                represented by    **Kevin B. Coyle**
935 Main Street
Springfield, MA 01103
413-787-1524
Fax: 413-787-1703
Email: attycoyle@aol.com
*ATTORNEY TO BE NOTICED*

**Lisa C. deSousa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler James Kenefick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thalia Castro**                represented by    **Lisa C. deSousa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler James Kenefick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**APP 2**

Jason Bacis                          represented by  **Lisa C. deSousa**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Tyler James Kenefick**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**City of Springfield**              represented by  **Lisa C. deSousa**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Tyler James Kenefick**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/10/2021 | 1 | NOTICE OF REMOVAL by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward ( Filing fee: $ 402, receipt number AMADC-9050911 Fee Status: Filing Fee paid) (Attachments: # 1 Exhibit Fed Court Civil Sheet, # 2 Exhibit Fed Court Category Sheet, # 3 Exhibit State Court Complaint & Exhibits) (deSousa, Lisa) (Entered: 11/10/2021) |
| 12/09/2021 | 2 | NOTICE of Case Assignment. Magistrate Judge Katherine A. Robertson assigned to case. Plaintiff's counsel, or defendant's counsel if this case was initiated by the filing of a Notice of Removal, are directed to the Notice and Procedures regarding Consent to Proceed before the Magistrate Judge which can be downloaded here. These documents will be mailed to counsel not receiving notice electronically. Pursuant to General Order 09-3, until the Court receives for filing either a consent to the Magistrate Judge's jurisdiction or the reassignment of the case to a District Judge, the initial assignment of a civil case to the Magistrate Judge is a referral to the Magistrate Judge under 28 USC 636(b) for all pretrial non-dispositive matters and Report and Recommendations, but not for the Rule 16(b) scheduling conference. (Healy, Bethaney) (Entered: 12/09/2021) |
| 12/24/2021 | 3 | NOTICE of Appearance by Kevin B. Coyle on behalf of Richard T Ward (Coyle, Kevin) (Entered: 12/24/2021) |

Entry ID: 6710823   Date Filed: 04/01/2025   Page: 6   Document: 00118267153   Case: 24-2081

| 12/24/2021 | 4 | ANSWER to Complaint with Jury Demand by Richard T Ward.(Coyle, Kevin) (Entered: 12/24/2021) |
|---|---|---|
| 12/27/2021 | 5 | NOTICE of Scheduling Conference ISSUED:<br><br>A Scheduling Conference is set for **1/26/2022 at 11:30 AM** in Remote Proceeding : Springfield before Magistrate Judge Katherine A. Robertson. Joint Statement due by **1/19/2022**. *See* attached Notice for complete details.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the session's courtroom deputy as soon as possible.<br><br>Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the Court's general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>(Rivera, Melissa) (Entered: 12/27/2021) |
| 12/27/2021 | 6 | ELECTRONIC NOTICE TO COUNSEL: Notification forms indicating whether or not a party has consented to proceed before a U.S. Magistrate Judge have not been received in the Clerk's Office. The submission of the form is mandatory. Completed forms shall be filed on or before the close of business on **January 14, 2022**. Additional forms can be obtained on the Court's web page at http://www.mad.uscourts.gov. (Rivera, Melissa) (Entered: 12/27/2021) |
| 12/28/2021 | 7 | STATE COURT Record. (Zamorski, Michael) (Entered: 12/28/2021) |
| 12/28/2021 | 8 | Refusal to Consent to Proceed Before a US Magistrate Judge. . (deSousa, Lisa) (Entered: 12/28/2021) |
| 12/28/2021 | 9 | ELECTRONIC NOTICE of Case RE-Assignment. Judge Mark G. Mastroianni assigned to case. (Finn, Mary) (Entered: 12/28/2021) |

| 12/28/2021 | 10 | ELECTRONIC NOTICE of Case Assignment. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Katherine A. Robertson. (Finn, Mary) (Entered: 12/28/2021) |
|---|---|---|
| 12/28/2021 | 11 | CASE REFERRED to Magistrate Judge Katherine A. Robertson for full pretrial case management, not including dispositive motions, for a Rule 16 scheduling conference. (Finn, Mary) (Entered: 12/28/2021) |
| 01/03/2022 | 12 | ANSWER to Complaint with Jury Demand by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood.(deSousa, Lisa) (Entered: 01/03/2022) |
| 01/18/2022 | 13 | First JOINT SUBMISSION pursuant to Local Rule 16.1 by Guistina Aprileo.(Herrick, Jason) (Entered: 01/18/2022) |
| 01/26/2022 | 14 | Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Scheduling Conference by Video held on 1/26/2022. Attorneys Present: Jason R. Herrick, Lisa C. deSousa and Kevin B. Coyle. Colloquy re: status of the case. A schedule was established. Scheduling order to issue. If the parties would like to participate in court-sponsored mediation, a joint motion requesting an ADR conference should be filed. (Court Reporter: Debra Joyce at joycedebra@gmail.com.) (Rivera, Melissa) (Entered: 01/26/2022) |
| 01/27/2022 | 15 | Magistrate Judge Katherine A. Robertson: ORDER entered. SCHEDULING ORDER: Motions for Leave to Amend the Pleadings to add parties, claims, or defenses due 4/1/2022. Non-Expert Discovery to be completed by 8/22/2022. Case Management Conference set for 8/29/2022 02:00 PM in Hampshire Courtroom (In person only) before Magistrate Judge Katherine A. Robertson. Plaintiff's designation of trial experts due 10/7/2022. Defendants' due 12/2/2022. Expert Depositions to be completed by 1/27/2023. Dispositive Motions due by 3/10/2023. Responses due by 4/7/2023. Replies, if any, due by 4/21/2023. (Finn, Mary) (Entered: 01/31/2022) |
| 06/02/2022 | 16 | Joint MOTION for Extension of Time to Scheduling Order by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward.(deSousa, Lisa) (Entered: 06/02/2022) |
| 06/03/2022 | 17 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting the Parties Joint 16 Motion for Extension of Time of the Scheduling Order. The deadline for completion of non-expert discovery is extended to December 20, 2022. The case management conference is continued to January 3, 2023 at 2:00 p.m. (remote). The deadline for plaintiffs expert disclosures is extended to February 21, |

| | | |
|---|---|---|
| | | 2023. The deadline for the defendants expert disclosures is extended to March 20, 2023. The deadline for completion of expert depositions is extended to April 20, 2023. The deadline for the filing of dispositive motions is extended to June 20, 2023. The deadline for the filing of oppositions thereto is extended to July 20, 2023. Replies, if any, to be filed by August 3, 2023. The parties should not anticipate any further extensions of these deadlines. (Finn, Mary) (Entered: 06/03/2022) |
| 06/03/2022 | 18 | Set/Reset Scheduling Order Deadlines: Non-Expert Discovery to be completed by 12/20/2022. Set/Reset Hearings:<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the session's courtroom deputy as soon as possible.<br><br>Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the Court's general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>Case Management Conference reset to 1/3/2023 02:00 PM in Remote Proceeding : Springfield before Magistrate Judge Katherine A. Robertson. Plaintiff's Expert Disclosure due 2/21/2023. Defendants' Expert Disclosure due 3/20/2023. Expert Depositions to be completed by 4/20/2023. Dispositive Motions due by 6/20/2023. Responses due by 7/20/2023, Replies, if any, due by 8/3/2023. (Finn, Mary) (Entered: 06/03/2022) |
| 09/29/2022 | 19 | NOTICE of Appearance by Tyler James Kenefick on behalf of Jason Bacis (Kenefick, Tyler) (Entered: 09/29/2022) |
| 12/07/2022 | 20 | Second MOTION for Extension of Time to 90-days to complete discovery *along with related extensions* by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward.(Kenefick, Tyler) (Entered: 12/07/2022) |
| 12/08/2022 | 21 | First MOTION to Compel *Discovery Responses from Plaintiff* by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood. (Attachments: # 1 Exhibit Complaint, Prayers for Relief Counts I-V, # 2 Exhibit Defendants Interrogatories to Plaintiff, # 3 Exhibit Defendant's |

APP 6

| | | Request for Production of Documents to Plaintiff, # 4 Exhibit Plaintiffs Answers to Defendants Interrogatories, # 5 Exhibit Plaintiffs Responses to Requests for Production of Documents from Defendant, # 6 Affidavit Affidavit, Marked as Exhibit F, # 7 Exhibit Defendants' October 11, 2022, Rule 37 Letter, # 8 Exhibit Plaintiff's Amended Answers, # 9 Exhibit Defendants' November 29, 2022, Second Rule 37 Letter) (Kenefick, Tyler) (Entered: 12/08/2022) |
|---|---|---|
| 12/09/2022 | 22 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting the Defendants' 20 Motion for Extension of scheduling order by 90 days. The deadline for completion of non-expert discovery is extended to March 20, 2023. The case management conference is continued to March 28, 2023 at 2:30 p.m. (remotely). The deadline for the plaintiffs expert disclosures is extended to May 22, 2023. The deadline for the defendants expert disclosures is extended to June 20, 2023. The deadline for the completion of expert depositions is extended to July 19, 2023. The deadline for the filing of dispositive motions is extended to September 18, 2023. The deadline for the filing of oppositions to dispositive motions is extended to October 16, 2023. The deadline for the filing of replies, if any, is extended to October 30, 2023. There will be no further extensions of these deadlines. (Finn, Mary) (Entered: 12/09/2022) |
| 12/09/2022 | 23 | Set/Reset Scheduling Order Deadlines Non-expert Discovery to be completed by 3/20/2023. Set/Reset Hearings:<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the session's courtroom deputy as soon as possible.<br><br>Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the Court's general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>Case Management Conference reset to 3/28/2023 02:30 PM in Remote Proceeding : Springfield before Magistrate Judge Katherine A. Robertson. Plaintiff's Expert Disclosures extended to 5/22/2023, Defendants' Expert Disclosures extended to 6/20/2023. Expert |

| | | | |
|---|---|---|---|
| | | | Depositions to be completed by 7/19/2023, Dispositive Motions due by 9/18/2023. Responses due by 10/16/2023. Replies, if any, due by 10/30/2023. There will be no further extensions of these deadlines. (Finn, Mary) (Entered: 12/09/2022) |
| 03/28/2023 | 24 | | ELECTRONIC NOTICE Setting Hearing on Defendants' 21 MOTION to Compel Discovery Responses ISSUED: |
| | | | A Motion Hearing is set for **3/28/2023 at 2:30 PM (the same date and time as the Case Management Conference)** in Remote Proceeding : Springfield before Magistrate Judge Katherine A. Robertson. |
| | | | This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as possible. |
| | | | Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html. |
| | | | For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact media@mad.uscourts.gov. |
| | | | (Rivera, Melissa) (Entered: 03/28/2023) |
| 03/28/2023 | 25 | | Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Motion Hearing (by Video) re Defendants' 21 MOTION to Compel Discovery Responses and Case Management Conference held on 3/28/2023. Attorneys Present: Jason R. Herrick, Lisa C. deSousa, Tyler James Kenefick and Kevin B. Coyle. Colloquy re: status of the case and the pending motion. Rulings made. Order to issue. |
| | | | Plaintiff's automatic disclosures due by **4/12/2023**; and |
| | | | Non-expert discovery shall be completed by **5/26/2023**. |
| | | | Further Case Management Conference set for **5/31/2023 at 2:00 PM** in Hampshire Courtroom (IN PERSON) before Magistrate Judge Katherine A. Robertson. |

The Court granted leave for counsel to appear remotely. Counsel wishing to appear by video conference must notify the clerk two business days in advance of the hearing to receive the video conference information.

(Court Reporter: Digital Recording. To order a copy of this Digital Recording, please go to https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Clerk's office by email at mad_transcripts@mad.uscourts.gov.) (Rivera, Melissa) (Entered: 03/29/2023)

| 03/29/2023 | 26 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered. At the March 28, 2023 hearing, the court was informed that plaintiff's counsel's information in the court's CM/ECF system was compromised and that he has not received the court's notices of activity in this case for some time. Plaintiff was not served with, and did not file an opposition to, defendants' motion to compel discovery. The parties and the court conferred about outstanding discovery issues and the following deadlines were agreed to. The deadline for completion of non-expert discovery is extended to May 26, 2023. The plaintiff will serve initial disclosures in compliance with Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii) by no later than April 12, 2023. This response will include copies of medical records and records supporting plaintiff's claims for lost compensation. Defendant will serve a contention interrogatory on plaintiff concerning the basis of plaintiff's Monell claim against the City by March 31, 32023. Plaintiff's counsel will endeavor to respond promptly and, in any event, within the 30 days provided for in Fed. R. Civ. P. 33(b)(2). Plaintiff's counsel agrees to accept service of Rule 45 subpoenas for the depositions of plaintiff's three children, one of whom will be deposed by videoconference. There will be a further case management conference on May 31, 2023 at 2:00 p.m. by videoconference. (Robertson, Katherine) (Entered: 03/29/2023) |
| --- | --- | --- |
| 03/29/2023 | 27 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting 21 in part Defendants' Motion to Compel Discovery on the terms set forth in docket entry 26. (Robertson, Katherine) (Entered: 03/29/2023) |
| 05/18/2023 | 28 | ELECTRONIC NOTICE OF RESCHEDULING ISSUED:<br><br>Due to the Court's unavailability, the Case Management Conference is reset to **6/6/2023 at 11:30 AM** in Hampshire Courtroom (IN PERSON) before Magistrate Judge Katherine A. Robertson. If unavailable, counsel |

| | | |
|---|---|---|
| | | shall confer regarding availability, come up with three mutually agreed upon dates and so notify the Court for rescheduling.<br><br>(Rivera, Melissa) (Entered: 05/18/2023) |
| 06/05/2023 | 29 | ELECTRONIC NOTICE OF RESCHEDULING ISSUED:<br><br>After conferring with counsel, the Case Management Conference is reset to **6/8/2023 at 11:00 AM** in Remote Proceeding : Springfield before Magistrate Judge Katherine A. Robertson.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as possible.<br><br>Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>(Rivera, Melissa) (Entered: 06/05/2023) |
| 06/06/2023 | 30 | MOTION for Leave to File *Motion to Compel and Exhibits Under Seal* by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood. (Kenefick, Tyler) (Entered: 06/06/2023) |
| 06/08/2023 | 31 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered denying 30 Defendants City of Springfield, Jason Bacis, Cheryl C. Clapprood, Thalia Castro, Motion for Leave to File Motion to Compel and Exhibits Under Seal for the reasons stated in court. (Robertson, Katherine) (Entered: 06/08/2023) |
| 06/08/2023 | 32 | Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Case Management Conference by Video held on 6/8/2023. Attorneys Present: Jason R. Herrick, Lisa C. deSousa, Tyler James Kenefick and Kevin B. Coyle. Colloquy re: status of the case. The deadline for completion of non-expert discovery is extended to **6/30/2023**, except that the plaintiff has to **7/31/2023** to produce records related to mental health counseling and the defendants have to **8/31/2023** to take further deposition testimony from plaintiff, limited to |

questions related to documents that were not produced prior to the date of her initial deposition. The deadline for the filing of dispositive motions is **9/1/2023**. Oppositions to dispositive motions will be filed by **9/29/2023**. Replies, if any, will be filed by **10/13/2023**. Motion Hearing set for **11/2/2023 at 11:00 AM** in Hampden Courtroom (IN PERSON) before Judge Mark G. Mastroianni. If counsel are not available on this date or at this time, they are to confer with the court and each other and propose mutually convenient alternative dates. (Court Reporter: Digital Recording. To order a copy of this Digital Recording, please go to https://forms.mad.uscourts.gov/Audio.html. For a transcript of this proceeding, contact mad_transcripts@mad.uscourts.gov.) (Rivera, Melissa) (Entered: 06/12/2023)

| | | |
|---|---|---|
| 08/30/2023 | 33 | MOTION for Summary Judgment by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward.(deSousa, Lisa) (Entered: 08/30/2023) |
| 08/30/2023 | 34 | MEMORANDUM in Support re 33 MOTION for Summary Judgment filed by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward. (deSousa, Lisa) (Entered: 08/30/2023) |
| 08/30/2023 | 35 | Statement of Material Facts L.R. 56.1 re 33 MOTION for Summary Judgment filed by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(deSousa, Lisa) (Entered: 08/30/2023) |
| 09/21/2023 | 36 | Final Opposition re 33 MOTION for Summary Judgment filed by Guistina Aprileo. (Attachments: # 1 memo in support of Opposition, # 2 Dis[uted facts)(Herrick, Jason) (Entered: 09/21/2023) |
| 09/21/2023 | 37 | Memorandum in Support of Final Opposition 36 Opposition to Motion. (Figueroa, Tamara) (Entered: 09/28/2023) |
| 09/28/2023 | 38 | Notice of correction to docket made by Court staff. The First Opposition (Dkt.#36) was edited to remove the attached memorandum which was incorrectly filed. The CM/ECF procedures require that memorandums must be attached separately and identified accordingly. The Memorandum has been docketed separately. (Figueroa, Tamara) (Entered: 09/28/2023) |
| 10/05/2023 | 39 | Defendants' 33 MOTION Under Local Rule 56 to Strike Plaintiff's "Concise Statement of the Disputed Material Facts," to Deem as Admitted "Defendants' Statement of Material Facts," to Grant Defendants' "Motion for Summary Judgment," and, Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment filed by |

| | | Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward. (Kenefick, Tyler) Modified on 5/13/2024 to modify relief sought. (Rivera, Melissa) (Entered: 10/05/2023) |
|---|---|---|
| 10/12/2023 | 40 | AMENDED DOCUMENT by Guistina Aprileo. Amendment to 36 Opposition to Motion, 37 Response . (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Herrick, Jason) (Entered: 10/12/2023) |
| 10/20/2023 | 41 | MOTION to Strike 40 Amended Document, by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward. (Kenefick, Tyler) (Entered: 10/20/2023) |
| 11/01/2023 | 42 | ELECTRONIC NOTICE Resetting Hearing on Motion 33 MOTION for Summary Judgment : **Motion Hearing set for 1/26/2024 at 11:00 AM in Hampden Courtroom (In person only) before Judge Mark G. Mastroianni.** (Rivera, Christina) (Entered: 11/01/2023) |
| 11/02/2023 | 43 | Judge Mark G. Mastroianni: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge Katherine A. Robertson. Case referred for: Report and Recommendations (rr) on 41 MOTION to Strike 40 Amended Document and 33 MOTION for Summary Judgment. (Healy, Bethaney) (Entered: 11/02/2023) |
| 11/02/2023 | 44 | ELECTRONIC NOTICE Canceling January 26, 2024 motion hearing. The matter has been referred to Magistrate Judge Katherine Robertson for pretrial management. Magistrate Judge Robertson's clerk will confirm or reschedule the hearing date as deemed appropriate.(Healy, Bethaney) (Entered: 11/02/2023) |
| 11/02/2023 | 45 | ELECTRONIC NOTICE Setting Hearing on Defendant's 33 MOTION for Summary Judgment and Defendants' 41 MOTION to Strike Plaintiff's 40 Amended Concise Statement of the Undisputed Material Facts ISSUED: A Motion Hearing is set for **11/28/2023 at 11:00 AM** in Hampshire Courtroom (IN PERSON) before Magistrate Judge Katherine A. Robertson. If unavailable, counsel shall confer regarding availability, come up with three mutually agreed upon dates and so notify the Court for rescheduling. (Rivera, Melissa) (Entered: 11/02/2023) |
| 11/15/2023 | 46 | MOTION to Continue Defendant's [Document 33] Motion for Summary Judgment and Defendants' [Document 41] Motion to Strike Plaintiff's [Document 40] Amended Concise Statement of the Undisputed Material |

| | | |
|---|---|---|
| | | Facts to January 10, 2024 - January 11, 2024 - January 23, 2024 - January 25, 2024 by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood.(Kenefick, Tyler) (Entered: 11/15/2023) |
| 11/15/2023 | 47 | Magistrate Judge Katherine A. Robertson: ELECTRONIC ORDER entered granting 46 Motion to Continue the hearings on defendants summary judgment motion to January 11, 2024 at 11:00 a.m., in person unless counsel move for leave to appear by videoconference. The parties should not anticipate further continuances of this hearing date. (Zamorski, Michael) (Entered: 11/15/2023) |
| 11/15/2023 | 48 | ELECTRONIC NOTICE Resetting Hearing on Motion 41 MOTION to Strike 40 Amended Document, , 33 MOTION for Summary Judgment : Motion Hearing set for 1/11/2024 11:00 AM in Hampshire Courtroom (In person unless counsel move for leave to appear by videoconference.) before Magistrate Judge Katherine A. Robertson. (Zamorski, Michael) (Entered: 11/15/2023) |
| 01/03/2024 | 49 | NOTICE of Appearance by Anthony Gallant on behalf of Guistina Aprileo (Gallant, Anthony) (Entered: 01/03/2024) |
| 01/11/2024 | 50 | Electronic Clerk's Notes for proceedings held before Magistrate Judge Katherine A. Robertson: Motion Hearing re Defendant's 33 MOTION for Summary Judgment and Defendants' 41 MOTION to Strike Plaintiff's 40 Amended Concise Statement of the Undisputed Material Facts held on 1/11/2024. Attorneys Present: Jason R. Herrick, Anthony Gallant, Tyler James Kenefick and Kevin B. Coyle. Arguments heard on the pending motion. Defendant City of Springfield shall electronically file the supplemental submission pertaining to Officer Ward (as discussed in open court) by no later than **1/19/2024**. This matter is taken under advisement. R&R to issue. (Court Reporter: Digital Recording. To order a copy of this Digital Recording, please go to https://forms.mad.uscourts.gov/Audio.html. For a transcript of this proceeding, contact mad_transcripts@mad.uscourts.gov.) (Rivera, Melissa) (Entered: 01/12/2024) |
| 01/11/2024 | 51 | Motions Taken Under Advisement: Defendant's 33 MOTION for Summary Judgment and Defendants' 41 MOTION to Strike Plaintiff's 40 Amended Concise Statement of the Undisputed Material Facts. (Rivera, Melissa) (Entered: 01/12/2024) |
| 01/16/2024 | 52 | RESPONSE TO COURT ORDER by City of Springfield re 50 Motion Hearing,,, . (Attachments: # 1 Exhibit Exhibit I, Initial Disclosures, # 2 Exhibit Exhibit I(B)(19), Internal Investigations Unit Summary, # 3 Exhibit Exhibit I(B)(24), Personnel File, # 4 Exhibit Exhibit II, |

| | | Plaintiffs First Request for Documents to City, # <u>5</u> Exhibit Exhibit III, Citys Responses to Plaintiffs First Document Request, # <u>6</u> Exhibit Exhibit III(Request Exhibit 5), Internal Investigation Unit Files Part 1, # <u>7</u> Exhibit Exhibit III(Request Exhibit 5), Internal Investigation Unit Files Part 2, # <u>8</u> Exhibit Exhibit III(Request Exhibit 5), Internal Investigation Unit Files Part 3, # <u>9</u> Exhibit Exhibit III(Request Exhibit 10), Training Files)(Kenefick, Tyler) (Entered: 01/16/2024) |
| 05/13/2024 | 53 | Judge Mark G. Mastroianni: ELECTRONIC ORDER entered. REFERRING MOTION <u>39</u> MOTION to Strike filed by Cheryl Clapprood, Jason Bacis, Thalia Castro, Richard T Ward, City of Springfield. Motions referred to Katherine A. Robertson.(Lendon, Tyler) (Entered: 05/13/2024) |

| 05/21/2024 | 54 | Magistrate Judge Katherine A. Robertson: ORDER entered. REPORT AND RECOMMENDATIONS re motions 33 , 39 , and 41 .<br><br>"Accordingly, for the reasons stated, I recommend that the court **DENY** Defendant's motions to strike (Dkt. Nos. 39 and 41 ) and **GRANT in part and DENY in part** Defendant's motion for summary judgment (Dkt. No. 33 ) as set forth herein. Specifically, I recommend that the court **GRANT** summary judgement to the City on Count I of Plaintiff's complaint alleging negligence; to Bacis on Count II of Plaintiff's complaint alleging a § 1983 claim; to the City on Count III of Plaintiff's complaint alleging a § 1983 Monell claim; to Ward, Bacis, and Castro on Count IV of Plaintiff's Complaint alleging a Massachusetts Civil Rights Act (MCRA), Mass. Gen. Laws ch. 12, § 11I, claim; and to Bacis on Count V of Plaintiff's complaint alleging intentional infliction of emotional distress. I further recommend that the court **DENY** summary judgment to Ward and Castro on Count II of Plaintiff's complaint alleging a 42 U.S.C. § 1983 claim and Count V of Plaintiff's complaint alleging intentional infliction of emotional distress. Finally, as to the surviving § 1983 claim, I recommend that the court hold that the claim is not subject to the Heck doctrine because Plaintiff's criminal charges did not result in a conviction, but if the court rejects this recommendation and finds that Heck applies, I recommend that the court allow the claim to proceed on the theory that, even accepting that Plaintiff assaulted Ward and resisted arrest, his use of force in response was excessive." **See attached Report and Recommendation for complete details.**<br><br>**Objections to R&R due by 6/4/2024**<br><br>(Zamorski, Michael) (Entered: 05/21/2024) |
| 06/04/2024 | 55 | OBJECTION to 54 Report and Recommendations filed by Thalia Castro, Richard T Ward. (Kenefick, Tyler) (Entered: 06/04/2024) |
| 08/06/2024 | 56 | Judge Mark G. Mastroianni: ORDER entered. ORDER ON REPORT AND RECOMMENDATIONS for 54 Report and Recommendations Action on motions 33 , 39 and 41 : Accordingly, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. See attached order for complete details. (Lendon, Tyler) (Lendon, Tyler). (Entered: 08/06/2024) |
| 08/14/2024 | 57 | MOTION Certify and Amend Court Order *Dated August 6, 2024* by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward.(deSousa, Lisa) (Entered: 08/14/2024) |

| 08/14/2024 | 58 | MEMORANDUM in Support re 57 MOTION Certify and Amend Court Order *Dated August 6, 2024* filed by Jason Bacis, Thalia Castro, City of Springfield, Cheryl Clapprood, Richard T Ward. (deSousa, Lisa) (Entered: 08/14/2024) |
|---|---|---|
| 10/01/2024 | 59 | Judge Mark G. Mastroianni: ELECTRONIC ORDER entered granting 57 Motion to Certify and Amend this Court's Order of August 6, 2024. Defendants request that this court certify its order adopting Judge Robertson's Report and Recommendation (Dkt. No. 56) for interlocutory appeal, as to the issue of Heck's applicability to a criminal disposition under Mass. Gen. Laws ch. 276, § 87. Plaintiff has not opposed Defendant's motion for an interlocutory appeal.

The court finds that certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate. "Interlocutory appeals under § 1292(b) require an order (1) 'involv[ing] a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) for which 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). Here, in the court's view, each of these requirements is met. First, the court's order involved a controlling question of law, namely, whether Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's section 1983 claims when the underlying criminal charges were dismissed pursuant to a pretrial probation diversion agreement, without any admission of facts, under Mass. Gen. Laws ch. 276, § 87. This question of law is controlling because a reversal by the First Circuit on Heck's applicability "would dramatically alter the scope of the case." Water v. Day & Zimmermann NPS, Inc., 2020 WL 4754984, at *2. Second, there is substantial ground for difference of opinion on this issue, as demonstrated by the three decisions in this district which reached a conclusion different than this court and Judge Robertson. See Cabot v. Lewis, 241 F. Supp. 3d 239, 254 (D. Mass. 2017); Cardoso v. City of Brockton, 62 F. Supp. 3d 185, 186-87 (D. Mass. 2015); Kennedy v. Town of Billerica, 2014 WL 4926348, at *1-3 (D. Mass. Sept. 30, 2014). Third, an immediate appeal would materially advance the ultimate termination of the litigation, because a reversal by the First Circuit would significantly narrow Plaintiff's theories of liability and streamline the issues at trial, while an affirmance would also clarify this pivotal legal question and eliminate uncertainty.

This court recognizes the First Circuit has "repeatedly emphasized that interlocutory certification under 28 U.S.C. § 1292(b) should be used |

APP 16

| | | |
|---|---|---|
| | | sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Caraballo-Seda, 395 F.3d at 9 (internal quotation marks omitted). But this is the rare case presenting such a "difficult and pivotal question[] of law not settled by controlling authority." Id. Accordingly, the court hereby amends its order at Dkt. No. 56 as necessary to certify to the First Circuit the following question: Does the Heck doctrine apply to a federal civil rights claim when the underlying criminal charges were dismissed after successful completion of pretrial probation under Mass. Gen. Laws ch. 276, § 87? The parties have 10 days from this order to file an interlocutory appeal. See 28 U.S.C. § 1292(b). The court further orders this case stayed pending decision by the First Circuit whether to hear an interlocutory appeal, and if so, resolution of the appellate proceedings. (Lendon, Tyler) (Entered: 10/01/2024) |
| 11/21/2024 | 60 | USCA JUDGMENT (24-8029):<br><br>**Pursuant to 28 U.S.C. § 1292(b), the district court certified that a previously entered order granting in part and denying in part a motion for summary judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Defendants-petitioners then filed a petition for permission to appeal with this court. Plaintiff-respondent has not filed an answer. See generally Fed. R. App. P. 5.**<br><br>**We express no view whatsoever as to relevant issues, but, having considered the district court's ruling and defendants-petitioners' filing with this court, we conclude that review is in order. The petition for permission to appeal is granted, and the summary judgment ruling at district court docket number 56 is certified for appeal. The appeal shall proceed as Appeal 24-2081. All papers filed in Appeal 24-8029 will be treated as if also filed in Appeal 24-2081. A briefing schedule will be entered in due course.**<br><br>(Paine, Matthew) (Entered: 11/21/2024) |
| 11/21/2024 | 61 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 56 and 60 - Permission for Leave to Appeal GRANTED by the First Circuit Court of Appeals. (Paine, Matthew) (Entered: 11/21/2024) |

| 12/17/2024 | 62 | Filing fee/payment: Appeal Filing Fee $ 605.00, receipt number 123463 for 56 Order on Report and Recommendations, 60 USCA Judgment (24-8029) (Zamorski, Michael) (Entered: 12/17/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/19/2025 15:11:52 | | | |
| **PACER Login:** | ldesousa | **Client Code:** | Aprileo |
| **Description:** | Docket Report | **Search Criteria:** | 3:21-cv-30114-MGM |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

Entry ID: 6710823  Date Filed: 04/01/2025  Page: 21  Document: 00118267153  Case: 24-2081

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

**[PAGE INTENTIONALLY LEFT BLANK
DUE TO ERROR WHERE DOCKET WAS
INADVERTENTLY PRODUCED IN TRIPLICATE]**

## COMMONWEALTH OF MASSACHUSETTS

NOV 0 1 2021

CITY OF SPRINGFIELD
Law Dep

**HAMPDEN, ss**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

**CIVIL ACTION NO.**
2179CV00540

_Cristina April eo_ , PLAINTIFF(S)

V.                                          **SUMMONS**

_Cheryl Clapprood, et al_ , DEFENDANT(S)

To the above named defendant: _The City of Springfield_

You are hereby summoned and required to serve upon _Jason R. Herrick_ , plaintiff's attorney, whose address is _10 School Street, Westfield, MA 01085_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Heidi E. Brieger, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

**APP 55**

Entry ID: 6710823     Date Filed: 04/01/2025     Page: 59     Document: 00118267153     Case: 24-2081

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

```
                                  )
GUISTINA APRILEO,                 )
Plaintiff                         )
                                  )
                                  )
        v.                        )          COMPLAINT
                                  )
CHERYL CLAPPROOD,                 )
Individually and as Police        )
Commissioner of the City of       )
Springfield, OFFICER RICHARD      )
WARD, OFFICER T. CASTRO, and      )
OFFICER J. BACIS, Individually    )
And as Police Officers of Springfield )
Police Department; and THE CITY   )
OF SPRINGFIELD                    )
Defendant                         )
                                  )
```

## PARTIES

1. The Plaintiff, **Guistina Aprileo,** is a natural person who resides at 46 Alderman Street, Springfield, MA 01108.

2. The Defendant, **The City of Springfield,** is a municipal corporation organized under the laws of the Commonwealth of Massachusetts, and maintains and operates the Springfield Police Department located at 130 Pearl Street, Springfield, MA 01105.

3. The Defendant, **Police Commissioner Cheryl Clapprood,** individually and as Police Commissioner of the City of Springfield.

4. The Defendant, **Officer Richard Ward,** individually and as a police officer of the City of Springfield.

5. The Defendant, **Officer T. Castro,** individually and as a police officer of the City of

Springfield.

6. The Defendant, **Officer J. Bacis,** individually and as a police officer of the City of
   Springfield.

## FACTS

7. The Plaintiff repeats and incorporates by reference herein paragraphs 1 through 6.

8. On or about November 7, 2018, the Defendants, **Officer Richard ward, Officer T.
   Castro and Officer J. Bacis** were dispatched to the property of 46 Alderman Street,
   Springfield, MA 01108 for a report of a disturbance between the Plaintiff's children.

9. The Defendants, **Officer T. Castro and Officer J. Bacis,** were the first to arrive on the
   scene but the dispute had already ended.

10. The Defendants, **Officer T. Castro and Officer J. Bacis,** were speaking with the
    Plaintiff's children when the Defendant, **Officer Richard Ward,** arrived.

11. The Plaintiff, **Giustina Aprileo,** greeted the Defendant, **Officer Richard Ward,** at the
    front door to inform him that the dispute had ceased and he was no longer needed as the
    scene was under control.

12. The Defendant, **Officer Richard Ward,** elected to instead insult the Plaintiff, **Giustina
    Aprileo's,** parenting abilities and forced his way into the home.

13. The Defendant, **Officer Richard Ward,** proceeded to place the Plaintiff, **Giustina
    Aprileo,** in a forced arm bar breaking the Plaintiff's elbow in the process.

14. The Defendants, **Officer T. Castro and Officer J. Bacis,** did nothing in defense of the
    Plaintiff or to stop **Officer Richard Ward** from causing harm to the Plaintiff.

15. The Plaintiff was then held in jail overnight and was not provided any medical attention

16. It was not until the following morning after her release that she was able to seek proper

medical attention for her injuries.

17. On or about October 29, 2020, presentment letters pursuant to M.G.L. c. 258 were sent to Mayor Domenic J. Sarno (See Exhibit A), and Police Commissioner **Cheryl Clapprood** (See Exhibit B) by the late Attorney Harold I. Resnic.

## COUNT I- NEGLIGENCE

18. The Plaintiff repeats and incorporates by reference herein paragraphs 1 through 17.

19. The Springfield Police Department and its police officers failed to prevent its officers from causing harm to the Plaintiff.

20. The Defendants owed the Plaintiff a duty of reasonable care for her safety but failed to exercise the degree of care required.

21. The Defendants are liable for any foreseeable loss caused by their negligence.

22. As a direct result of the negligence of the Defendants, the Plaintiff has suffered personal injury, monetary loss, severe emotional stress and has been otherwise damaged.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just plus interest, attorney fees and costs.

## COUNT II: EXCESSIVE FORCE

23. The Plaintiff repeats and incorporates by reference herein paragraphs 1 through 22.

24. Springfield Police **Officer Richard Ward** used excessive force to force his way into the Plaintiff's home.

25. Springfield Police **Officers T. Castro** and **J. Bacis** failed to prevent or stop the excessive force used by **Officer Richard Ward** to prevent the harm to the Plaintiff.

26. The Plaintiff was physically assaulted by **Officer Ward** upon his wrongful entry into the home.

Case: 24-2081    Document: 00118267153    Page: 61    Date Filed: 04/01/2025    Entry ID: 6710823

27. The Plaintiff has sought medical treatment for her injuries from the date of the incident to the present time.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just plus interest, attorney fees and costs.

## COUNT III: VIOLATION OF 42 U.S.C. 1983

28. The Plaintiff repeats and incorporates by reference paragraphs 1 through 28.

29. On or about November 7, 2018, **Springfield Officers T. Castro, J. Bacis,** and **Richard Ward** were dispatched to 46 Alderman Street, Springfield, MA 01108 for a report of a disturbance in process, which resulted in the Plaintiff sustaining severe personal injuries.

30. At all times material hereto, the Defendant, **Cheryl Clapprood,** was the duly appointed and presently acting Police Chief of the Springfield Police Department.

31. At all times material hereto, all individual Defendants were employed by the City of Springfield and acting under color of law in their official capacity.

32. At all times material hereto, the individual police officers were employed by the City of Springfield and acting under the color of law in their official capacity.

33. At all times material hereto, the individual Defendants, individually and in concert were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts, and the County of Hampden. The individual Defendants engaged in the illegal conduct herein mentioned to the injury of the Plaintiff and deprived her of the rights, privileges, and immunities secured by the Plaintiff by the 14th Amendment of the Constitution of Untied States and the laws of the United States.

34. The City of Springfield acted in a grossly negligent manner and with deliberant

Case: 24-2081    Document: 00118267153    Page: 63    Date Filed: 04/01/2025    Entry ID: 6710823

indifference in establishing and maintaining a custom of inadequate training and supervision.

35. The grossly negligent conduct of these Defendants deprived the Plaintiff of her constitutional right and led to permanent injury.

36. The harm caused to the Plaintiff was the result of the Defendants officers implements or executing the policies, practices, customs, or regulations officially adopted and promulgated by the Springfield Police Department under the direction of Commissioner **Cheryl Clapprood.**

WHEREFORE, the Plaintiff demands, pursuant to 42 U.S.C. 1983:

    a.   That the Plaintiff be awarded damages in such amount as the Court deems equitable and just;

    b.   That each of the individual Defendants be assessed punitive damages;

    c.   That the Plaintiff be awarded reasonable costs and expenses of this action, including interest and attorney's fees.

## COUNT IV: VIOLATION OF M.G.L. C. 12 Sec. 11I

37. The Plaintiff repeats and incorporates by reference paragraphs 1 through 36.

38. The Defendants interfered or attempted to interfere by threat, intimidation or coercion, with the Plaintiff's exercise or enjoyment of rights secured by the Constitution of the United States or the Commonwealth of Massachusetts.

WHEREFORE, the Plaintiff demands, pursuant to 42 U.S.C. 1983:

    a.   That the Plaintiff be awarded damages in such amount as the Court deems equitable and just;

    b.   That the Plaintiff be awarded reasonable costs and expenses of this action

including interest and attorney's fees.

## COUNT 5: INTENTIONA INFLICTION OF EMOITONAL DISTRESS

39. The Plaintiff repeats and incorporates by reference paragraphs 1 through 38.

40. The acts and omissions of the Defendants constituted extreme and outrageous conduct,
which caused permanent injury and emotional stress to the Plaintiff.

WHEREFORE, the Plaintiff demands judgment in such an amount as the court deems equitable and just plus interest, attorney fees and costs.

The Plaintiff respectfully requests a trial by jury as to all issues in this complaint.

The Plaintiff,
**Guistina Aprileo**

By: _____
Jason R. Herrick, Esquire
Law Office of Jason R. Herrick, P.C.
BBO # 647446
10 School Street
Westfield, MA 01085
(413) 568-5200 Telephone
(413) 568-5255 Fax

DATED: 10/15/21

Entry ID: 6710823    Date Filed: 04/01/2025    Page: 64    Document: 0011826715    Case: 24-2081

Case: 24-2081    Document: 00118267153    Page: 65    Date Filed: 04/01/2025    Entry ID: 6710823

# Exhibit
# A

Case: 24-2081　　Document: 00118267153　　Page: 66　　Date Filed: 04/01/2025　　Entry ID: 6710823

LAW OFFICES OF

# HAROLD I. RESNIC

One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax (413) 747-8044
harold@resniclaw.com

October 29, 2020

**Presentment Letter Sent via First-Class Certified Mail No. 7019 1120 0001 5763 7316**

The Honorable Mayor, Domenic J. Sarno
36 Court Street
Springfield, MA 01103

Re:　Guistina Aprileo v. City of Springfield, et al.
　　　Date of Arrest: November 7, 2018

Dear Mayor Domenic J. Sarno:

Please be advised that this office represents Guistina Aprileo, Valeria Aprileo, and Antonio Aprileo for injuries they sustained in connection with an incident occurring on November 7, 2018 at the address of 46 Alderman St., Springfield, MA. This letter is being sent pursuant to M.G.L. c.258. The incident in question relates to a reported domestic dispute that took place at the above-stated address in the afternoon hours of November 7, 2018.

## BACKGROUND

A brief summary of the facts relative to this claim is as follows: On November 30, 2018, the Springfield Police were summoned to a house at 46 Alderman St, where Guistina Aprileo and her children reside, regarding a potential domestic disturbance between Ms. Aprileo's

children. The officers who showed up at the scene of the alleged disturbance were Officers Richard Ward, Officer T. Castro, and Officer J. Bacis.

On November 7, 2018, Guistina Aprileo called the Springfield Police to check in on her arguing children. Previous to this encounter, the police have done well-being/crisis checks on Ms. Guistina Aprileo and her children. Her children have mental health issues from years of domestic abuse caused by their father.

Two officers arrived and they were interviewing the kids who were home, Valeria Aprileo, Antonio Aprileo, Anna-bella Aprileo, and their visiting friend Lianna. Guistina Aprileo then saw third officer arriving, Officer Richard Ward, and greeted him at the door. The scene was under control. There was no known knife threat as written in Officer Ward's police report.

Officer Ward, upon entry of the house, told Guistina Aprileo that she needed to, "Kick her children out, and she was an unfit mother." In reply to this she told Officer Ward he was not needed, and he should leave her house.

Officer Ward then proceeded to forcibly arrest Guistina Aprileo by putting her in arm bar take down and breaking her elbow in the process. When her child Anna-bella came to see what was taking place, Officer Ward reached out and started to choke her. Valeria started to record the incident and then Officer Ward used his O.C.(pepper spray) on her and Antonio who had also came into the room at this time. The other police officers on the scene did not act in defense of Ms. Aprileo or her children. Guistina Aprileo, and her two children, Antonio and Valeria were then brought to the police station for booking.

<u>LIABILITY</u>

The City of Springfield was negligent in the way it trained and supervised its police officers, which was the direct and proximate cause of the permanent injuries sustained by my clients.

Whether Officer Ward acted in a reasonable manner when addressing the November 7, 2018 incident regarding Ms. Aprileo and her children is a question that is answered quite easily. The Officer's actions after the point of entry were unnecessary and highly unprofessional. There was no indication of exigent circumstances, and threats being directed

Case: 24-2081    Document: 00118267153    Page: 68    Date Filed: 04/01/2025    Entry ID: 6710823

toward himself or the other officers on the scene.  Ms. Aprileo states by the time Officer Ward arrived the arguing had ceased, and her son was stable and calm.

If Ms. Aprileo was acting belligerently and/or verbally assaulting them, the act of throwing her onto the outer porch was unnecessary, malicious and illegal. Officer Ward chose the most destructive option because he was angry at her. Guistina Aprileo suffered from a Coracoid fracture in her left elbow.  A rare hard-to-treat fracture. She missed approximately three months of work as a result. Valeria Aprileo and Antonio Aprileo both suffer from post-traumatic stress syndrome and debilitating depression.

Finally, Ms. Aprileo was charged with three offenses relating to the events of November 7, 2018: Resisting Arrest; Disorderly Conduct; and Assault and Battery on a Police Officer. Ms. Aprileo's charges were dismissed. Her children's charges remain on their records, hindering them further.

Pursuant to M.G.L. c. 258, you have six months to investigate this claim before making a reasonable offer of settlement. In an attempt to expedite this process, I am prepared to provide you with any and all documentation you may need to fully assess the validity of this claim.

Sincerely,

Harold I. Resnic, Esq.

HIR/rc

Case: 24-2081   Document: 00118267153   Page: 69   Date Filed: 04/01/2025   Entry ID: 6710823

# Exhibit
# B

APP 66

Case: 24-2081    Document: 00118267153    Page: 70    Date Filed: 04/01/2025    Entry ID: 6710823

LAW OFFICES OF
# HAROLD I. RESNIC
One Monarch Place
1414 Main Street, Suite 1450
Springfield, MA 01144
(413) 733-7110
Fax (413) 747-8044
harold@resniclaw.com

October 29, 2020

**Presentment Letter Sent via First-Class Certified Mail No. 7019 1120 0001 5763 7309**

City of Springfield Police Department
Attn: Springfield Police Commissioner Cheryl Clapprood
130 Pearl Street
Springfield, MA 01105

Re:    Guistina Aprileo v. City of Springfield, et al.
       Date of Arrest: November 7, 2018

Dear Commissioner Cheryl Clapprood:

Please be advised that this office represents Guistina Aprileo, Valeria Aprileo, and Antonio Aprileo for injuries they sustained in connection with an incident occurring on November 7, 2018 at the address of 46 Alderman St., Springfield, MA. This letter is being sent pursuant to M.G.L. c.258. The incident in question relates to a reported domestic dispute that took place at the above-stated address in the afternoon hours of November 7, 2018.

## BACKGROUND

A brief summary of the facts relative to this claim is as follows: On November 30, 2018, the Springfield Police were summoned to a house at 46 Alderman St, where Guistina Aprileo and her children reside, regarding a potential domestic disturbance between Ms. Aprileo's

children. The officers who showed up at the scene of the alleged disturbance were Officers Richard Ward, Officer T. Castro, and Officer J. Bacis.

On November 7, 2018, Guistina Aprileo called the Springfield Police to check in on her arguing children. Previous to this encounter, the police have done well-being/crisis checks on Ms. Guistina Aprileo and her children. Her children have mental health issues from years of domestic abuse caused by their father.

Two officers arrived and they were interviewing the kids who were home, Valeria Aprileo, Antonio Aprileo, Anna-bella Aprileo, and their visiting friend Lianna. Guistina Aprileo then saw third officer arriving, Officer Richard Ward, and greeted him at the door. The scene was under control. There was no known knife threat as written in Officer Ward's police report.

Officer Ward, upon entry of the house, told Guistina Aprileo that she needed to, "Kick her children out, and she was an unfit mother." In reply to this she told Officer Ward he was not needed, and he should leave her house.

Officer Ward then proceeded to forcibly arrest Guistina Aprileo by putting her in arm bar take down and breaking her elbow in the process. When her child Anna-bella came to see what was taking place, Officer Ward reached out and started to choke her. Valeria started to record the incident and then Officer Ward used his O.C.(pepper spray) on her and Antonio who had also came into the room at this time. The other police officers on the scene did not act in defense of Ms. Aprileo or her children. Guistina Aprileo, and her two children, Antonio and Valeria were then brought to the police station for booking.

<u>LIABILITY</u>

The City of Springfield was negligent in the way it trained and supervised its police officers, which was the direct and proximate cause of the permanent injuries sustained by my clients.

Whether Officer Ward acted in a reasonable manner when addressing the November 7, 2018 incident regarding Ms. Aprileo and her children is a question that is answered quite easily. The Officer's actions after the point of entry were unnecessary and highly unprofessional. There was no indication of exigent circumstances, and threats being directed

toward himself or the other officers on the scene. Ms. Aprileo states by the time Officer Ward arrived the arguing had ceased, and her son was stable and calm.

If Ms. Aprileo was acting belligerently and/or verbally assaulting them, the act of throwing her onto the outer porch was unnecessary, malicious and illegal. Officer Ward chose the most destructive option because he was angry at her. Guistina Aprileo suffered from a Coracoid fracture in her left elbow. A rare hard-to-treat fracture. She missed approximately three months of work as a result. Valeria Aprileo and Antonio Aprileo both suffer from post-traumatic stress syndrome and debilitating depression.

Finally, Ms. Aprileo was charged with three offenses relating to the events of November 7, 2018: Resisting Arrest; Disorderly Conduct; and Assault and Battery on a Police Officer. Ms. Aprileo's charges were dismissed. Her children's charges remain on their records, hindering them further.

Pursuant to M.G.L. c. 258, you have six months to investigate this claim before making a reasonable offer of settlement. In an attempt to expedite this process, I am prepared to provide you with any and all documentation you may need to fully assess the validity of this claim.

Sincerely,

*Harold J Resnic*

Harold I. Resnic, Esq.

HIR/rc

# CIVIL ACTION COVER SHEET

| DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|

**COUNTY** Hampden Superior Court (Springfield)

| Plaintiff: | Defendant: |
|---|---|
| Guistina Aprileo | Cheryl Clapprood, Richard Ward, T. Castro, J. Bacis, and the City of Springfield |
| ADDRESS: 46 Alderman Street, Springfield, MA 01108 | ADDRESS: 130 Pearl Street, Springfield, MA 01105, and 36 Court Street |
| | Springfield, MA 01103 |
| Plaintiff Attorney: Jason R. Herrick | Defendant Attorney: |
| ADDRESS: 10 School Street, Westfield, MA 01085 | ADDRESS: |
| 647446 | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Negligence, Personal Injury, and Civil Rights | F | ☒ YES ☐ NO |

"Other" please describe:

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO          Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

Documented medical expenses to date

1. Total hospital expenses                                                                         $3,231.00
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5):                                   $3,231.00

Documented lost wages and compensation to date
Documented property damages to date
Reasonably anticipated future medical and hospital expenses
Reasonably anticipated lost wages
Other documented items of damages (describe below)

TOTAL (A-F):                                   $3,231.00

Briefly describe plaintiff's injury, including the nature and extent of injury:

Left arm contusion, left elbow fracture, elbow sprain, and muscle spasms

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_          Date: 10/19/21

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _[signature]_          Date: 10/19/21

**APP 70**

Case: 24-2081    Document: 00118267153    Page: 74    Date Filed: 04/01/2025    Entry ID: 6710823

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2179CV00540 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Aprileo, Guistina vs. Cheryl Clapprood, Individuallt and as Police Commissioner of the City of Springfield et al | Laura S Gentile, Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**     **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/18/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 02/15/2022 | |
| All motions under MRCP 12, 19, and 20 | 02/15/2022 | 03/17/2022 | 04/19/2022 |
| All motions under MRCP 15 | 02/15/2022 | 03/17/2022 | 04/19/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 08/15/2022 | | |
| All motions under MRCP 56 | 09/13/2022 | 10/13/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/10/2023 |
| Case shall be resolved and judgment shall issue by | | | 10/18/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 10/19/2021 | ASSISTANT CLERK William T Walsh, Jr. | PHONE (413)735-6016 |
|---|---|---|

Date/Time Printed: 10-19-2021 10:44:24           SCV026\ 08/2018

APP 71

No.

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

GUISTINA APRILEO

*Plaintiff--Respondent*,

v.

CITY OF SPRINGFIELD, CHERYL CLAPPROOD, RICHARD T. WARD, THALIA CASTRO

*Defendants-Petitioners*

On Petition for Interlocutory Appeal
From the United States District Court for the District of Massachusetts
Civil Action No. 3:21-30114

## PETITION FOR PERMISSION TO APPEAL

Kevin Coyle, Esq.
BBO# 103540
1299 Page Boulevard
Springfield, Massachusetts 01104
Tel: 413-787-1524
attycoyle@aol.com

*Attorney for the Defendant-Petitioner,*
*Richard T. Ward*

Lisa C. deSousa, Esq.
BBO#546115
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel: (413) 886-5205
ldesousa@springfielcityhall.com

*Attorney for the Defendants-Petitioners,*
*The City of Springfield, Cheryl*
*Clapprood, Jason Bacis, Thalia Castro*

i

## <u>DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, the Defendants-Appellees

state that the City of Springfield is a governmental corporation, and Cheryl Clapprood,

Jason Bacis, Thalia Castro are all natural persons.

<u>/s/ Lisa deSousa</u>
Lisa DeSousa, Esq.

*Attorney for the Defendants-Petitioners,  The City of Springfield, Cheryl Clapprood, Jason Bacis, Thalia Castro*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| DISCLOSURE STATEMENT | i |
| TABLE OF CONTENTS | iii |
| TABLE OF AUTHORITIES | iv |
| INTRODUCTION | 1 |
| QUESTION PRESENTED | 2 |
| FACTS NECESSARY TO UNDERSTAND THE PETITION | 2 |
| I. FACTUAL BACKGROUND | 1 |
| II. APRILEO'S CRIMINAL CHARGES AND DISPOSITION | 2 |
| III. DISTRICT COURT DENIES SUMMARY JUDGMENT ARGUMENT BASED ON HECK V. HUMPHREY | 3 |
| IV. DISTRICT COURT ALLOWS MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL | 5 |
| STANDARD FOR GRANTING REVIEW | 7 |
| REASONS WHY THE APPEAL SHOULD BE ALLOWED | 8 |
| I. THE APPEAL INVOLVES A CONTROLLING QUESTION OF LAW | 7 |
| A. CONTROLLING NATURE OF THE QUESTION | 8 |
| 1. APPLICATION OF THE HECK DOCTRINE CAN BAR OR LIMIT PLAINTIFF-RESPONDENT'S CLAIMS | 8 |
| 2. IMPACT ON PLAINTIFF'S THEORIES OF RECOVERY | 9 |
| 3. NECESSITY FOR INTERLOCUTORY APPELLATE REVIEW | 10 |

APP 74

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| II. | THERE IS SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION | 12 |
| | A. LACK OF CONTROLLING AUTHORITY IN THE FIRST CIRCUIT | 12 |
| | B. DIVERGENT DECISIONS AMONG DISTRICT COURTS IN THE DISTRICT OF MASSACHUSETTS | 13 |
| |    1. DISTRICT COURTS APPLYING HECK PRECLUSION | 14 |
| |    2. District Courts Declining to Apply Heck Preclusion | 17 |
| | C. SPLIT AMONG FEDERAL CIRCUITS | 18 |
| |    1. Circuits holding the pretrial diversion does not trigger heck | 18 |
| |    2. CIRCUITS HOLDING THAT PRETRIAL DIVERSION TRIGGERS HECK | 20 |
| III. | AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION | 22 |
| | RELIEF REQUESTED | 23 |
| | CERTIFICATE OF COMPLIANCE | 25 |
| | CERTIFICATE OF SERVICE | 26 |

# TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| Blackledge v. Allison, | |
| 431 U.S. 63 (1977) | 14 |
| Cabot v. Lewis, | |
| 241 F. Supp. 3d 239 (D. Mass. 2017) | 3, 6, 14 |
| Cardoso v. City of Brockton, | |
| 62 F. Supp. 3d 179 (D. Mass. 2014) | 8, 15 |
| Cardoso v. City of Brockton, | |
| 62 F. Supp. 3d 185 (D. Mass. 2015) | 3, 9, 16, 22 |
| Caraballo-Seda v. Municipality of Hormigueros, | |
| 395 F.3d 7 (1st Cir. 2005) | 7 |
| DeLeon v. City of Corpus Christi, | |
| 488 F.3d 649 (5th Cir. 2007) | 21 |
| Duarte v. City of Stockton, | |
| 60 F.4th 566 (9th Cir. 2023) | 18 |
| Gilles v. Davis, | |
| 427 F.3d 197 (3d Cir. 2005) | 16, 20 |
| Heck v. Humphrey, | 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, |
| 512 U.S. 477 (1994) | 14, 16, 17, 18, 19, 20, 21, 22, 23 |
| Jones v. City of Boston, | |
| 135 F. App'x 439 (1st Cir. 2005) | 12, 13 |
| Kennedy v. Town of Billerica, No. 12-10614-DJC, 2014 WL 4926348 (D. Mass. 2014) | 3, 6, 9, 16, 17 |
| McClish v. Nugent, | |
| 483 F.3d 1231 (11th Cir. 2007) | 19 |
| Olsen v. Correiro, | |
| 189 F.3d 52 (1st Cir. 1999) | 15 |

| Cases | Page |
|---|---|
| Roesch v. Otarola, | |
|     980 F.2d 850 (2d Cir. 1992) | 21 |
| Singleton v. City of New York, | |
|     632 F.2d 185 (2d Cir. 1980) | 16, 22 |
| Thore v. Howe, | |
|     466 F.3d 173 (1st Cir. 2006) | 9, 10 |
| Vasquez Arroyo v. Starks, | |
|     589 F.3d 1091 (10th Cir. 2009) | 19 |
| Waters vs. Day & Zimmermann NPS Inc., | |
|     No. CV 19-11585-NMG (D. Mass. 2020) | 8 |
| **Statutes** | |
| 28 U.S.C. § 1292(b) | 1, 5, 6, 7, 8, 11, 23 |
| Mass. Gen. Laws ch. 276 § 87 | 1, 2, 3, 4, 5, 8, 12, 13, 14, 16, 17, 23 |
| Mass. Gen. Laws c. 265 § 13D | 2 |
| Mass. Gen. Laws c. 268 § 32B | 3 |
| Mass. Gen. Laws c. 272 § 53. | 3 |
| **Other Authorities** | |
| Federal Rule of Appellate Procedure 5(a)(3) | 1 |
| Federal Rule of Appellate Procedure 26.1 | i |

## **INTRODUCTION**

This petition for permission to appeal arises from a controlling question of law certified by the United States District Court for the District of Massachusetts. Defendants-Petitioners, by and through their undersigned counsel, respectfully seek interlocutory review of the district court's order dated August 6, 2024, as amended on October 1, 2024, pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3).

The certified question for appeal is as follows: Does the Heck doctrine apply to a federal civil rights claim when the underlying criminal charges were dismissed after successful completion of pretrial probation under Mass. Gen. Laws ch. 276 § 87? <u>Aprileo v. Clapprood et. al.</u>, No. 21-30114 (D. Mass) ECF No. 59 (Oct. 1, 2024), Ex. B.

Resolution of this question is critical, as it may materially advance the termination of litigation by either dismissing the Plaintiff-Respondent's claims against Defendants-Petitioners entirely or significantly narrowing the scope of issues for trial. The District Court acknowledged the lack of binding authority from the First Circuit on this issue and recognized the conflicting decisions among other courts. An immediate appeal would clarify the scope of the Heck doctrine and potentially streamline the proceedings.

For these reasons, Defendants-Petitioners respectfully request that this Court accept the certified question for interlocutory appeal and, upon review, reverse the district court's order or provide guidance on the scope of the Heck doctrine in this context.

## QUESTION PRESENTED

Does the Heck doctrine apply to a federal civil rights claim when the underlying criminal charges were dismissed after successful completion of pretrial probation under Mass. Gen. Laws ch. 276, § 87? Ex. B.

## FACTS NECESSARY TO UNDERSTAND THE PETITION

### I.     FACTUAL BACKGROUND

Plaintiff-Respondent Guistina Aprileo initiated this action against Defendants-Petitioners, including the City of Springfield, Police Commissioner Cheryl Clapprood, and Officers Richard T. Ward, Thalia Castro, and Jason Bacis, following her arrest on November 7, 2018. The arrest occurred during a domestic disturbance involving Plaintiff-Respondent's children, during which Officer Ward allegedly used excessive force, resulting in a fractured elbow and bruising. Plaintiff-Respondent contends that Officer Ward placed her in a forced arm bar without provocation, and that Officer Castro failed to intervene to prevent the use of excessive force, while Officer Bacis did not witness the incident. Ex. A.

In addition, Plaintiff-Respondent asserts a Monell claim against the City of Springfield and Commissioner Clapprood, alleging failure to train and supervise officers adequately, which purportedly led to the constitutional violations she experienced.

### II.     APRILEO'S CRIMINAL CHARGES AND DISPOSITION

Following the arrest, Plaintiff-Respondent was charged with:

• Assault and battery on a police officer, M.G.L. c. 265, § 13D;

- Resisting arrest, M.G.L. c. 268 §32B; and,

- Disorderly conduct, M.G.L. c. 272 §53.

Ex. A, at 2

On January 29, 2020, Plaintiff-Respondent agreed to and a judge approved an agreement to place her on pretrial probation under M.G.L. c. 276 §87. Id., See also, Aprileo, 21-30114 (D. Mass), ECF No. 35 at ¶¶ 13, 15, 16. The conditions imposed included that Plaintiff-Respondent break no laws, notify the probation department of any changes of address, and make no false statements to any officer of the court. Id. at ECF No. 35-3. All three charges were subsequently dismissed upon successful completion of the probationary period. Id. at ECF No. 35-1.

### III.   DISTRICT COURT DENIES SUMMARY JUDGMENT ARGUMENT BASED ON HECK V. HUMPHREY

Defendants-Petitioners moved for summary judgment (Aprileo, 21-30114 (D. Mass), ECF No. 33), arguing that Plaintiff-Respondent's §1983 claims are barred under the Heck v. Humphrey doctrine because her acceptance of pretrial probation under M.G.L. c. 276 §87 constitutes a criminal disposition that triggers Heck preclusion. Defendants-Respondents cited supporting Massachusetts District Court cases, including Cardoso v. City of Brockton, 62 F. Supp. 3d 185 (D. Mass. 2015); Kennedy v. Town of Billerica, No. 12-10614-DJC, 2014 WL 4926348 (D. Mass. Sept. 30, 2014); and, Cabot v. Lewis, 241 F. Supp. 3d 239 (D. Mass. 2017), all of which held that acceptance of

pretrial probation under M.G.L. c. 276 §87 is not a favorable termination and thus bars

subsequent §1983 claims under the <u>Heck</u> doctrine. Defendants-Respondents contended

that allowing Plaintiff-Respondent's claims to proceed would necessarily imply the

invalidity of her prior criminal disposition.

Magistrate Judge Katherine A. Robertson issued a Report and Recommendation

(<u>Aprileo</u>, 21-30114 (D. Mass), ECF No. 54), recommending that <u>Heck</u> does not bar

Plaintiff-Respondent's §1983 claims because there was no conviction that could be

invalidated by a successful civil claim. She noted that the First Circuit has not resolved

whether Heck applies in this context and recognized that other circuits are split on the

issue. <u>Id.</u> at 8.

Defendants filed an objection to the Report and Recommendation (<u>Aprileo</u>, 21-

30114 (D. Mass), ECF No. 55), reiterating their argument that Plaintiff-Respondent's

acceptance of pretrial probation under M.G.L. c. 276 §87 triggers <u>Heck</u>.

District Judge Mark G. Mastroianni adopted the Report and Recommendation on

August 6, 2024. <u>Ex. A</u>. In his Memorandum and Order, Judge Mastroianni agreed with

Magistrate Judge Robertson, acknowledging that "the First Circuit has not yet decided

this issue and some courts, including three in this district, hold otherwise." <u>Id.</u> at 3. He

concluded that Heck does not bar Plaintiff-Respondent's §1983 claims under these

circumstances. <u>Id.</u> at 5

## IV.   DISTRICT COURT ALLOWS MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

On August 14, 2024, Defendants-Petitioners filed a Motion to Certify and Amend the Court's Order of August 6, 2024, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), seeking appellate review of the district court's decision Denying in part their Summary Judgment. Aprileo, 21-30114 (D. Mass), ECF No. 57. The central issue for interlocutory appeal was whether the Heck doctrine applies to bar a federal civil rights claim when the underlying criminal charges were dismissed following successful completion of pretrial probation under M.G.L. c. 276, § 87. Id. Notably, Plaintiff-Respondent did not oppose this motion.

On October 1, 2024, Judge Mastroianni issued an order granting Defendants-Petitioners' motion for certification of the interlocutory appeal. Ex. B. The court found that the requirements for certification under 28 U.S.C. § 1292(b) were satisfied. Specifically, Judge Mastroianni determined that the order involved: (1) a controlling question of law; (2) substantial ground for difference of opinion; and (3) a situation in which an immediate appeal could materially advance the ultimate termination of the litigation. Id.

The court concluded that the issue of whether the Heck doctrine bars Plaintiff-Respondent's § 1983 claims in the context of dismissed charges following pretrial probation under Mass. Gen. Laws ch. 276, § 87, constitutes a controlling question of law. Id. A reversal by the First Circuit on this question would significantly alter the scope of

the case by potentially leading to the dismissal of Plaintiff-Respondent's claims or substantially limiting the theories of liability at trial. Id.

Judge Mastroianni acknowledged that there is substantial ground for difference of opinion on the applicability of the Heck doctrine in this context, as demonstrated by conflicting rulings from other Massachusetts district court cases, including Cabot v. Lewis, Cardoso v. City of Brockton, and Kennedy v. Town of Billerica. Id. These cases reached conclusions that acceptance of pretrial probation could trigger Heck preclusion, which stands in contrast to the current court's ruling that Heck does not bar Plaintiff-Respondent's claims under the circumstances. Id.

The court also found that an immediate appeal would materially advance the ultimate termination of the litigation. Id. Specifically, a decision by the First Circuit could either bar Plaintiff-Respondent's claims entirely or significantly limit the issues for trial, thereby conserving judicial resources and streamlining the proceedings. Id. Even if the First Circuit affirms the lower court's decision, it would still provide clarity on this pivotal legal issue, eliminating uncertainty in future cases involving similar claims.

Judge Mastroianni noted the First Circuit's caution that interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and reserved for exceptional circumstances where the appeal involves difficult and unsettled questions of law. Id. Nonetheless, he concluded that this case presented precisely the type of complex legal issue that warrants such certification, given the lack of controlling authority on the

6

matter. Id. This Court should exercise its discretion to take the appeal now and resolve this issue for this Circuit.

## STANDARD FOR GRANTING REVIEW

This Court may exercise its discretion to permit an interlocutory appeal from an order "(1) involving a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) for which an immediate appeal from the order may materially advance the termination of the litigation." Caraballo- Seda v. Municipality Of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. §1292(b)) (alterations and quotation marks omitted). This Court has explained that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Id. (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir.1986); McGillicuddy v. Clements, 746 F.2d 76 n.1 (1st Cir. 1984)). While interlocutory appeals from denied motions to dismiss are not "normally allow[ed]," they are appropriate where (as here) the appeal would raise an unsettled, pivotal, and purely legal question. McGillicuddy, 746 F.2d at 76 n.1 (citing In re Heddendorf, 263 F.2d 887, 888-89 (1st Cir. 1959)).

## REASONS WHY THE APPEAL SHOULD BE ALLOWED

### I.    THE APPEAL INVOLVES A CONTROLLING QUESTION OF LAW

The central issue, as Judge Mastroianni held is whether "Heck v. Humphrey, 512

U.S. 477 (1994) bars Plaintiff-Respondent's section 1983 claims when the underlying

criminal charges were dismissed pursuant to a pretrial probation diversion agreement,

without any admission of facts, under Mass. Gen. Laws ch. 276, § 87." Ex. B. This

question can be further distilled to whether a criminal defendant's acceptance of pretrial

probation triggers a Heck analysis and what, if any, preclusive effect it has on their §1983

claims.

### A. CONTROLLING NATURE OF THE QUESTION

Under 28 U.S.C. § 1292(b), a question is considered controlling if its resolution

"would dramatically alter the scope of the case." Waters vs. Day & Zimmermann NPS,

Inc., D. Mass., No. CV 19-11585-NMG, at *2 (Aug. 14, 2020). The issue of whether the

Heck doctrine applies to bar, or limit, Plaintiff-Respondent's §1983 claims following her

acceptance of pretrial probation under M.G.L. c. 276, §87, is such a controlling question.

### 1. APPLICATION OF THE HECK DOCTRINE CAN BAR OR LIMIT PLAINTIFF-RESPONDENT'S CLAIMS

If the Heck doctrine is triggered, the court must determine whether a favorable

judgment on Plaintiff-Respondent's §1983 claim would necessarily imply the invalidity

of her prior criminal disposition. According to Heck v. Humphrey, 512 U.S. 477, 487

(1994), if a §1983 action would imply the invalidity of a previous criminal disposition, it

cannot proceed unless the conviction or disposition has been invalidated. The First

Circuit in <u>Thore v. Howe</u>, 466 F.3d 173, 179 (1st Cir. 2006), explained that determining Heck preclusion requires the court to consider the relationship between the §1983 claim and the conviction, including whether the Plaintiff-Respondent could prevail only by negating an element of the offense of which she was convicted.

In cases where a Plaintiff-Respondent's §1983 excessive force claim directly challenges the legality of the arrest or the Plaintiff-Respondent's own culpability, courts have found such claims to be barred by <u>Heck</u>. For example:

- In <u>Cardoso v. City of Brockton</u>, 62 F. Supp. 3d 185 (D. Mass. 2015), the court held that acceptance of pretrial probation under §87 did not constitute a favorable termination, and under the Heck doctrine, the Plaintiff-Respondent's §1983 claims were barred because they would necessarily imply the invalidity of the underlying criminal proceedings.

- In <u>Kennedy v. Town of Billerica</u>, No. 12-10614-DJC, 2014 WL 4926348 (D. Mass. Sept. 30, 2014), the court granted judgment notwithstanding the verdict on the Plaintiff-Respondent's §1983 claim after finding that acceptance of pretrial probation barred the claim under Heck, as a successful claim would undermine the validity of the criminal disposition.

## 2.  <u>IMPACT ON PLAINTIFF'S THEORIES OF RECOVERY</u>

Even if <u>Heck</u> does not bar the Plaintiff-Respondent's claims entirely, its application could substantially limit the theories of liability and issues that can be presented at trial.

The First Circuit has recognized that while a conviction for assaulting a police officer does not automatically bar an excessive force claim, <u>Heck</u> applies if the Plaintiff-Respondent's success would negate an element of the offense of which she was convicted. In <u>Thore v. Howe</u>, the court stated:  "Just as it is true that a § 1983 excessive force claim after an assault conviction is not necessarily barred by <u>Heck</u>, it is also true that it is not necessarily free from <u>Heck</u>." <u>Thore</u>, 466 F.3d at 180.

A Plaintiff may proceed with an excessive force claim if it is based on the theory that, even though she may have assaulted the officer or resisted arrest, the officer used excessive force in response or used force after the need for it had disappeared. However, if the Plaintiff-Respondent's claim is premised on her innocence and asserts that she did not assault the officer or resist arrest at all, such a claim would be barred by <u>Heck</u> because it would necessarily imply the invalidity of her criminal disposition.

In the present case, Plaintiff-Respondent alleges that Officer Ward used excessive force without provocation, which contradicts her acceptance of pretrial probation for assault and battery on a police officer and resisting arrest. Allowing her §1983 claim to proceed under a theory that she was entirely innocent would necessarily imply the invalidity of her criminal disposition, thereby triggering <u>Heck</u> preclusion.

### 3.  <u>NECESSITY FOR INTERLOCUTORY APPELLATE REVIEW</u>

This nuanced application of the <u>Heck</u> doctrine underscores the necessity for interlocutory appellate review. A decision by this Court on whether <u>Heck</u> applies could:

APP 87

- **Bar the Claims Entirely**: If <u>Heck</u> applies, Plaintiff-Respondent's §1983 claims would be barred, resulting in dismissal of her federal claims and potentially terminating the litigation.

- **Limit the Theories of Recovery**: Even if not barred entirely, <u>Heck</u> could limit Plaintiff-Respondent to theories that do not challenge the validity of her criminal disposition, such as claims that excessive force was used after she was subdued.

Resolving this controlling question now would materially affect the outcome of the litigation by determining the permissible scope of Plaintiff-Respondent's claims, focusing the trial on viable issues, and avoiding unnecessary litigation over barred claims.

As noted in Judge Mastroianni's Order on the Defendants' Motion to Certify:

> … an immediate appeal would materially advance the ultimate termination of the litigation, because a reversal by the First Circuit would significantly narrow Plaintiff-Respondent's theories of liability and streamline the issues at trial, while an affirmance would also clarify this pivotal legal question and eliminate uncertainty.

<u>Ex. B</u>

Given that the application of the <u>Heck</u> doctrine could either bar the Plaintiff-Respondent's claims in their entirety or significantly limit her theories of recovery, the question of its applicability is a controlling question of law under 28 U.S.C. §1292(b). Its resolution could materially affect the outcome of the litigation, making immediate appellate review appropriate and necessary for the efficient and just resolution of this case.

II.    **THERE IS SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION**
**A. LACK OF CONTROLLING AUTHORITY IN THE FIRST CIRCUIT**

The First Circuit has not directly decided whether <u>Heck</u> applies when criminal

charges are dismissed after successful completion of pretrial probation under M.G.L. c.

276, §87. This absence of controlling precedent creates substantial ground for difference

of opinion. However, the First Circuit has addressed analogous issues that provide insight

into how it might approach this question.

In <u>Jones v. City of Boston</u>, 135 F. App'x 439 (1st Cir. 2005) (unpublished), the First

Circuit affirmed the dismissal of a Plaintiff-Respondent's state and federal §1983 claims

for malicious prosecution based on the Plaintiff-Respondent's failure to demonstrate that

the underlying charges terminated in his favor. Plaintiff-Respondent was arrested and

charged with indecent assault and battery on a child under fourteen and assault and

battery. See, <u>Jones v. City of Boston</u>, D. Mass., No. CIV. 03-12130-RGS (July 9, 2004).

Prior to trial, he entered into a five-year term of pretrial probation under M.G.L. c. 276,

§87. <u>Id. at *1</u>. Upon successful completion, the charges were dismissed. <u>Id</u>.

The First Circuit held that the dismissal of charges following pretrial probation did

not constitute a favorable termination necessary to sustain a malicious prosecution claim

under § 1983. The court held:

> If anything, this suggests that dismissal was a compromise
> solution... in which neither party conceded guilt or innocence...
> A disposition of this kind is not 'favorable.'

<u>Jones</u>, 135 F. App'x at 440.

Although <u>Jones</u> addressed a malicious prosecution claim, the underlying principle regarding the effect of a dismissal following pretrial probation is instructive. The requirement of a favorable termination is essential both for malicious prosecution claims and for avoiding the bar imposed by <u>Heck</u>. The <u>Heck</u> doctrine precludes §1983 claims that would necessarily imply the invalidity of a criminal conviction or sentence unless that conviction or sentence has been favorably terminated.

Applying the reasoning from <u>Jones</u>, a dismissal of charges following pretrial probation under M.G.L. c. 276 §87 does not constitute a favorable termination. Therefore, allowing a §1983 claim to proceed in such circumstances would undermine the finality of the criminal disposition and contradict the principles underpinning the <u>Heck</u> doctrine.

### B. <u>DIVERGENT DECISIONS AMONG DISTRICT COURTS IN THE DISTRICT OF MASSACHUSETTS</u>

Courts within the District of Massachusetts have now reached conflicting conclusions on whether <u>Heck</u> applies in cases where the Plaintiff-Respondent accepted pretrial probation under M.G.L. c. 276, §87.

### 1. <u>DISTRICT COURTS APPLYING HECK PRECLUSION</u>

Several courts within the District of Massachusetts have held that acceptance of pretrial probation under M.G.L. c. 276, § 87 triggers the <u>Heck</u> doctrine, thereby barring subsequent §1983 claims. These decisions are grounded in the reasoning that such

dispositions are not favorable terminations and that allowing §1983 claims to proceed would undermine the finality of the criminal process.

In <u>Cabot v. Lewis</u>, 241 F. Supp. 3d 239 (D. Mass. 2017), the Plaintiff, Jason Cabot, alleged multiple counts in his civil complaint, including deprivation of rights under 42 U.S.C. § 1983, deprivation of rights under the Massachusetts Civil Rights Act, battery, assault, false imprisonment, false arrest, intentional infliction of emotional distress, defamation, abuse of process, and malicious prosecution. <u>Id. at *246</u>. These claims arose from an incident at Logan Airport where Cabot was arrested and charged with assault and battery on a police officer after an altercation with Massachusetts State Police Troopers. <u>Id</u>.

Cabot accepted pretrial probation under M.G.L. c. 276 §87, which led to the dismissal of his criminal charges upon successful completion. <u>Id</u>. The court held that Cabot's acceptance of pretrial probation barred his §1983 claims under the <u>Heck</u> doctrine. <u>Id</u>. The court stated:

> Like plea agreements, pretrial probation is a form of compromise that is intended to resolve criminal charges efficiently. See, <u>Cardoso</u>, 62 F.Supp.3d at 187. The advantages of compromise resolutions, however, can be achieved only if they are given "a great measure of finality." [<u>Blackledge v. Allison</u>, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)]. As with plea bargains, "permitting a party who does not contest the court's authority to punish him"—even if only by means of pretrial probation—"to bring a subsequent proceeding in which he is able to claim that his punishment was improper would undermine the finality of plea bargains [and pretrial probation] and jeopardize society's interest in a system

14

of compromise resolution of criminal cases." <u>Olsen v. Correiro</u>,
189 F.3d 52, 69 (1st Cir. 1999).

Similarly, in <u>Cardoso v. City of Brockton</u>, the defendant City of Brockton police

officer testified he arrested Plaintiff for disorderly conduct after Plaintiff ran a stop sign

and became disruptive and verbally abusive while receiving a traffic citation. <u>Cardoso v.

City of Brockton</u>, 62 F. Supp. 3d 179, at 183-84 (2014) (Stearns, J.) ("Cardoso I").

Plaintiff's "version of the arrest differed dramatically" as he alleged the officer falsely

arrested him without probable cause because he was of Cape Verdean background and

because Plaintiff-Respondent had filed a complaint against another City police officer. <u>Id</u>.

In its initial decision, <u>Cardoso v. City of Brockton</u>, 62 F.Supp. 3d 179 (2014)

("Cardoso I"), the Court, O'Toole, J., denied the police officer's summary judgment

motion as to the false arrest and malicious prosecution claims, but granted the motion to

all remaining claims, reasoning that genuine issues of material fact existed regarding the

occurrence of false arrest. <u>Id</u>. at 184.

Several months later, in "<u>Cardoso II</u>," the Court granted the police officer's

summary judgment motion as to the §1983 claim for false arrest and malicious

prosecution claim when the defendant supplemented his filings with evidence that the

underlying disorderly conduct charge had been disposed of with nine months of pretrial

probation. <u>Cardoso v. City of Brockton</u>, 62 F. Supp. 3d 185 (2015). The Court held that

the acceptance of the pretrial probation barred the claims because "a disposition of pre-

trial probation does not amount to a 'favorable' termination of [Plaintiff's] criminal

charges necessary to enable his civil suit against [the defendant] to proceed." Cardoso II,

at 186 citing Gilles v. Davis, 427 F. 3d 197, 211 (3d Cir. 2005). The court further

explained that pretrial probation constitutes an "unfavorable period of judicially imposed

limitations on freedom in which the probationer's violation of the program's terms may

result in criminal prosecution," Id at 187 citing Singleton v. City of New York, 632 F. 2d

185 (2d Cir. 1980).

In Kennedy v. Town of Billerica, No. 12-10614-DJC, 2014 WL 4926348 (D. Mass.

Sept. 30, 2014), the Plaintiff, Mitchell Kennedy, brought a §1983 claim based on a lack

of probable cause. Id. Kennedy participated in a pretrial diversion program under M.G.L.

c. 276 §87, resulting in the dismissal of his charges upon successful completion. Id. at *1.

The Kennedy court granted the defendant's motion for judgment as a matter of law,

concluding that Kennedy's §1983 claim was barred under the Heck doctrine. Id. at *2-3.

The court reasoned that although the charges were dismissed after successful completion

of the program, the dismissal was not indicative of innocence and therefore not a

favorable termination. Id. The court emphasized that allowing the §1983 claim to proceed

would result in conflicting resolutions from the same underlying events, which Heck

seeks to prevent. Id.

The Kennedy court highlighted concerns about undermining plea bargains and

compromise resolutions in the criminal justice system. Id at *3. It noted that permitting

such §1983 claims would discourage the use of pretrial diversion programs and

16

compromise the finality of criminal dispositions. Id. The court underscored that Kennedy's acceptance of pretrial probation was inconsistent with his claim that his arrest lacked probable cause, and thus, under Heck, his § 1983 claim was barred. Id.

These cases demonstrate that courts within the District of Massachusetts have applied the Heck doctrine to bar § 1983 claims following acceptance of pretrial probation under M.G.L. c. 276 §87. The courts have reasoned that such dispositions are not favorable terminations and that subsequent civil claims would undermine the finality and consistency of the criminal process. They have emphasized that allowing §1983 actions in these circumstances would conflict with the state's interest in finality, discourage compromise resolutions, and potentially result in inconsistent judgments.

### 2.  District Courts Declining to Apply Heck Preclusion

The instant case is the only instance in which a Massachusetts District Court has declined to apply the Heck doctrine to a §1983 claim following acceptance of pretrial probation under M.G.L. c. 276, §87. In this matter, Plaintiff-Respondent Aprileo alleges excessive force under §1983. The district court, adopting Magistrate Judge Robertson's recommendation, held that Heck does not apply because there was no conviction or admission of guilt, and the charges were dismissed after successful completion of pretrial probation.

As Judge Mastroianni observed: "There is substantial ground for difference of opinion on this issue, as demonstrated by the three decisions in this district which reached a conclusion different than this court and Judge Robertson." Ex. B.

## C. SPLIT AMONG FEDERAL CIRCUITS

The federal circuits are split on whether participation in a pretrial diversion program constitutes a conviction for purposes of the Heck doctrine, thereby barring, or limiting, a subsequent §1983 claim.

### 1. Circuits holding the pretrial diversion does not trigger heck

Several federal circuits have held that the absence of a formal conviction or sentence means that the Heck doctrine does not apply to subsequent §1983 claims following pretrial diversion programs. These courts reason that without a conviction or sentence, there is no underlying criminal disposition for a successful §1983 claim to invalidate, thereby rendering Heck inapplicable.

In Duarte v. City of Stockton, 60 F.4th 566 (9th Cir. 2023), the Ninth Circuit addressed a §1983 claim arising after the Plaintiff's criminal charges were dismissed through a pretrial diversion program. The court reasoned that without a conviction or sentence, there was no basis for Heck to apply. Id.

Similarly, in Vasquez Arroyo v. Starks, 589 F.3d 1091 (10th Cir. 2009), the Tenth Circuit examined a §1983 action where the Plaintiff had entered into diversion agreements leading to the dismissal of charges, including driving under the influence and disorderly conduct. The court concluded that Heck did not apply because the diversion

agreements did not result in a conviction. Id. Since there was no conviction to be invalidated, the §1983 claims were not precluded by Heck. Id.

In the Sixth Circuit case of S.E. v. Grant County Board of Education, 544 F.3d 633 (6th Cir. 2008), a minor Plaintiff brought §1983 claims alleging unlawful search and seizure after participating in a diversion program for a controlled substance offense. The court held that Heck did not bar the claims because the Plaintiff was neither convicted nor sentenced, and habeas relief was unavailable. Id. The absence of a conviction meant that Heck was not applicable, allowing the Plaintiff-Respondent's §1983 claims to proceed. Id.

Further, in McClish v. Nugent, 483 F.3d 1231 (11th Cir. 2007), the Eleventh Circuit addressed a §1983 claim following the Plaintiff's participation in a pretrial intervention program that resulted in the dismissal of charges for resisting arrest without violence. The court held that Heck did not bar the claims because there was no existing conviction or sentence to invalidate. The absence of a formal criminal disposition meant that Heck was not applicable, allowing the Plaintiff's §1983 claims to proceed. Id.

These decisions across the Ninth, Tenth, Sixth, and Eleventh Circuits illustrate a consistent interpretation that pretrial diversion programs, which do not result in formal convictions or sentences, do not trigger the Heck preclusion doctrine. Consequently, Plaintiff in these jurisdictions are permitted to pursue §1983 claims even after

successfully completing pretrial diversion, as there is no underlying criminal disposition that <u>Heck</u> seeks to protect from collateral attacks.

## 2. <u>CIRCUITS HOLDING THAT PRETRIAL DIVERSION TRIGGERS HECK</u>

Contrastingly, other federal circuits have reasoned that participation in pretrial diversion programs are functionally equivalent to convictions for the purposes of the <u>Heck</u> doctrine. These courts hold that such dispositions trigger <u>Heck</u> preclusion, thereby barring subsequent §1983 claims.

In the Third Circuit case of <u>Gilles v. Davis</u>, 427 F.3d 197 (3d Cir. 2005), the Plaintiff, James Gilles, was charged with disorderly conduct, failure to disperse, and defiant trespass following a confrontational preaching event. After entering Pennsylvania's Accelerated Rehabilitative Disposition (ARD) program, his charges were dismissed upon successful completion. <u>Id</u>. Gilles subsequently filed §1983 claims alleging First Amendment violations and excessive force. <u>Id</u>. The Third Circuit held that participation in the ARD program barred the §1983 claims under <u>Heck</u>. <u>Id</u>. The court reasoned that the ARD program imposes conditions inconsistent with innocence and does not constitute a favorable termination. <u>Id</u>. Allowing the §1983 claims would undermine the finality and integrity of the criminal justice system's compromise resolutions. <u>Id</u>.

Similarly, in <u>DeLeon v. City of Corpus Christi</u>, 488 F.3d 649 (5th Cir. 2007), the Fifth Circuit dealt with a Plaintiff charged with aggravated assault of a police officer who entered a deferred adjudication program. The Plaintiff-Respondent filed §1983 claims for

APP 97

excessive force and false arrest following the dismissal of his charges. Id. The court applied Heck, treating the deferred adjudication as a conviction for its purposes, and held that the §1983 claims were barred unless the conviction was invalidated. Id. The court emphasized that allowing §1983 claims in such contexts would disrupt the finality of criminal dispositions and discourage the use of diversion programs. Id.

In the Second Circuit's Roesch v. Otarola, 980 F.2d 850 (2d Cir. 1992), the Plaintiff was charged with breach of the peace and harassment. After completing an accelerated pretrial rehabilitation program, the charges were dismissed. Id. The Plaintiff filed §1983 claims for false arrest and malicious prosecution. Id. The Second Circuit held that participation in the accelerated rehabilitation program triggered the Heck doctrine, thereby barring the §1983 claims. Id. The court reasoned that permitting "a criminal defendant to maintain a §1983 action after taking advantage of accelerated rehabilitation, the program, intended to give first-time offenders a second chance, would become less desirable for the State to retain and less desirable for the courts to use because the savings in resources from dismissing the criminal proceeding would be consumed in resolving the constitutional claims." Id. at 853.

Additionally, in Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980), the Second Circuit addressed a Plaintiff's claims following his participation in New York's "adjournment in contemplation of dismissal" (ACD) program. The court found that the

disposition under ACD was not equivalent to a finding of innocence and did not qualify as a favorable termination necessary to proceed with a malicious prosecution claim. <u>Id</u>.

These decisions from the Third, Fifth, and Second Circuits demonstrate a divergent interpretation of the <u>Heck</u> doctrine concerning pretrial diversion programs. These circuits' view a disposition or participation in such programs as equivalent to convictions or as imposing conditions that reflect an admission of responsibility, thereby triggering <u>Heck</u> preclusion. Consequently, plaintiffs who have disposed of their criminal charges or have participated in pretrial diversion and subsequently seek §1983 claims are barred from doing so under <u>Heck</u>, as their civil claims would imply the invalidity of the prior criminal disposition.

III.    **<u>AN IMMEDIATE APPEAL MAY MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION</u>**

An immediate appeal could result in the dismissal of Plaintiff-Respondent's §1983 claims if the <u>Heck</u> doctrine is found to apply, thereby terminating the federal claims against the Defendants. Alternatively, the appellate court's decision could clarify the scope of the <u>Heck</u> doctrine, significantly narrowing the issues to be addressed at trial. Resolving this pivotal legal question at the appellate level would conserve judicial resources by preventing the need for prolonged trial proceedings on unsettled issues, thereby reducing litigation costs and avoiding unnecessary use of court resources.

By determining whether acceptance of pretrial probation under M.G.L. c. 276, § 87 triggers <u>Heck</u> preclusion, the appellate court would either uphold the dismissal of the

APP 99

§1983 claims or allow them to proceed with a clearer understanding of the <u>Heck</u> doctrine's applicability. This resolution would materially advance the termination of the litigation by providing definitive guidance on the legal framework governing the Plaintiff-Respondent's claims, ensuring consistency and fairness in the application of the law.

### **<u>RELIEF REQUESTED</u>**

Defendants-Petitioners respectfully requests that the Court exercise its authority under 28 U.S.C. § 1292(b) to grant its petition for interlocutory review of the Order below. Should this Court grant permission for the interlocutory appeal, Defendants-Petitioners will argue that the district court erred in its conclusion that the Heck doctrine does not apply to Plaintiff-Respondent's claims under 42 U.S.C. § 1983 following her acceptance of pretrial probation under Mass. Gen. Laws ch. 276, § 87.

Dated:  October 11, 2024                 Respectfully submitted,

/s/ Lisa deSousa
Lisa C. deSousa, Esq.
BBO#546115
City of Springfield Law Department
1600 E. Columbus Ave., 2nd Floor
Springfield, MA 01103
Tel: (413) 886-5205
ldesousa@springfielcityhall.com

*Counsel for Defendants-Petitioners, City of*
*Springfield, Cheryl Clapprood, Jason*
*Bacis, and Thalia Castro*

/s/ Kevin Coyle
Kevin Coyle, Esq.
BBO# 103540
1299 Page Boulevard
Springfield, Massachusetts 01104
Tel: 413-787-1524
attycoyle@aol.com

*Attorney for the Defendant-Petitioner,*
*Richard T. Ward*

**APP 101**

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) because this petition contains 5,241 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Dated:  October 11, 2024                        /s/ Lisa deSousa
                                                Lisa deSousa
                                                *Attorneys for Defendants-Petitioners*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Petition for Permission to Appeal with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on October 11, 2024.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Counsel for the Plaintiff-Respondent,
Jason R. Herrick, Esq.
10 School Street
Westfield, MA 01085

Dated:  October 11, 2024

/s/ Lisa deSousa
Lisa deSousa
*Attorneys for Defendants-Petitioners*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GUISTINA APRILEO,                          *
                                           *
        Plaintiff,                         *
                                           *        Civil Action No. 21-30114-MGM
        v.                                 *
                                           *
CHERYL CLAPPROOD, RICHARD T. WARD,         *
THALIA CASTRO, JASON BACIS, and            *
CITY OF SPRINGFIELD,                       *
                                           *
        Defendants.                        *

MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
AND MOTIONS TO STRIKE
(Dkt. Nos. 33, 39, 41, and 54)

August 6, 2024

MASTROIANNI, U.S.D.J.

        Magistrate Judge Katherine A. Robertson has issued a Report and Recommendation which

recommends the court deny Defendants' motions to strike and grant in part and deny in part

Defendant' motion for summary judgment. (Dkt. No. 54.) Specifically, Judge Robertson

recommends that the court grant Defendants' motion for summary judgment as to the negligence

claim (Count I), the section 1983 claim against Jason Bacis for failure to intervene (Count II), the

*Monell* claim against the City of Springfield and Cheryl Clapprood (Count III), the Massachusetts

Civil Rights Act ("MCRA") claim (Count IV), and the intentional infliction of emotional distress

("IIED") claim against Bacis (Count V). However, Judge Robertson recommends the court deny

Defendants' motion for summary judgment as to the section 1983 claims against Richard T. Ward

for excessive force and Thalia Castro for failure to intervene (Count II), and the IIED claims against

Ward and Castro (Count V).

**APP 104**

Defendants filed a timely objection to Judge Robertson's Report and Recommendation. (Dkt. No. 55.) Defendants object to Judge Robertson's recommendation that the court hold the *Heck* doctrine is not a bar to Plaintiff's section 1983 claims. They also object to Judge Robertson's recommendation for the court to deny summary judgment as to Plaintiff's IIED claims against Ward and Castro. Plaintiff has not filed an objection to the Report and Recommendation.

The court agrees with the thorough and well-reasoned analysis presented in the Report and Recommendation. In particular, the court agrees the motions to strike should be denied under these circumstances, where Defendants have not been prejudiced by Plaintiffs' initial deficient Local Rule 56.1 statement. The court also agrees that the negligence claim is not viable in light of the Massachusetts Tort Claims Act and Plaintiff's failure to submit evidence of negligence;[1] the *Monell* claim fails due to Plaintiff's failure to submit evidence demonstrating deficient training or policies or similar constitutional violations; and the MCRA claim fails, as Plaintiff conceded she lacks evidence of threats, intimidation, or coercion.[2]

As to the section 1983 claims against Ward, Castro, and Bacis (Count II), Plaintiff alleges Ward employed excessive force against Plaintiff in connection with a domestic disturbance involving Plaintiff's children and that Castro and Bacis are liable for failing to intervene and stop Ward's excessive force. Following the encounter, Plaintiff was charged with resisting arrest, disorderly conduct, and assault and battery on a police officer. However, Plaintiff subsequently reached an agreement with the prosecutor to dispose the charges with a term of pretrial probation (requiring no admission to facts), after which the charges were dismissed. *See* Mass. Gen. Laws ch. 276, § 87.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not

---

[1] In addition, Plaintiff failed to oppose summary judgment as to the negligence claim.

[2] Plaintiff also failed to oppose summary judgment as to the MCRA claim.

cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 & n. 6. Here, however, Plaintiff was never convicted and served no sentence; rather, her charges were ultimately dismissed after a successful pretrial probation diversion agreement. Thus, as Judge Robertson explains (and the majority of the circuits hold), "where the conditions of the agreement are satisfied and the criminal charges are dismissed without entry of conviction, *Heck* does not bar subsequent civil rights claims." (Dkt. No. 54 at 9 (quoting *Duarte v. City of Stockton*, 60 F.4th 566, 572 (9th Cir. 2023)).) Granted, as Judge Robertson recognized, the First Circuit has not yet decided this issue and some courts, including three in this district, hold otherwise. *See Cabot v. Lewis*, 241 F. Supp. 3d 239, 254 (D. Mass. 2017); *Cardoso v. City of Brockton*, 62 F. Supp. 3d 185, 186-87 (D. Mass. 2015); *Kennedy v. Town of Billerica*, 2014 WL 4926348, at *1-3 (D. Mass. Sept. 30, 2014). But this court is not persuaded that *Heck* bars suit in this situation.

As the Supreme Court explained in *Heck*, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. If, as Judge Robertson explained, there is no outstanding criminal judgment "that could be reversed or expunged, an individual in Plaintiff's position would have no way to obtain a favorable resolution of the criminal charges, leaving her no avenue for pursuing a civil action to vindicate the claimed violation of her civil rights." (Dkt. No. 54 at 14.) Having avoided any judicial finding of guilt and successfully achieving dismissal of the charges (without even admitting to sufficient facts regarding the charges), Plaintiff should not be in a worse position than individuals who were convicted (and thus have a means of invalidating that conviction). *See Commonwealth v. Millican*, 867 N.E.2d 725, 731 (Mass. 2007) ("A dismissal after successful completion

3

of pretrial probation without a change of plea under G.L. c. 276, § 87 . . . does not require a plea of guilty or an admission to sufficient facts to warrant a finding of guilty . . . ."); *Commonwealth v. Rodriguez*, 802 N.E.2d 1039, 1041 (Mass. 2004) (explaining that pretrial probation and dismissal of charges under Mass. Gen. Laws ch. 276, § 87 is not equivalent to a guilty plea for purposes of statute requiring judge to advise defendant of potential immigration consequences of conviction); *see also Tomashek v. Raleigh Cnty. Emergency Operating Ctr.*, 344 F. Supp. 3d 869, 874-75 (S.D.W. Va. 2018) ("Thus, a pretrial diversion agreement under West Virginia law is a means of *avoiding* a judgment of criminal guilt—the opposite of a conviction in a criminal action. Here, the plaintiff's criminal charges were dismissed after successful completion of the 90-day diversion program. An action cannot invalidate a conviction or sentence that does not exist.").

The courts which hold *Heck* does pose a bar in this circumstance go beyond the "literal language of the [*Heck*] opinion" and rely on the underlying purpose and rationale of *Heck*. *Cabot*, 241 F. Supp. 3d at 252; *see also Kennedy*, 2014 WL 4926348, at *1 ("While the criminal charges were ultimately dismissed, the dismissal, which followed the successful completion of a period of supervised probation, was not one that was 'consistent with the innocence of the accused,' a criterion generally required in order for a disposition to be considered a 'successful termination.' (quoting *Britton v. Maloney*, 196 F.3d 24, 31 (1st Cir. 1999) (addressing requirements for malicious prosecution claim under Massachusetts law))). But other Supreme Court decisions suggest the Court would not read *Heck* so expansively. In *Wallace v. Kato*, 549 U.S. 384 (2007), for example, the Court explained (in the statute of limitations context) that the *Heck* rule "is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated, that is to say, an 'outstanding criminal judgment.'" *Id.* at 393; *see Duarte*, 60 F.4th at 571-73. Again, here, there is no outstanding criminal judgment, or even admission to facts, which is inconsistent with Plaintiff's § 1983 claim. Moreover, in *Thompson v. Clark*, 596 U.S. 36 (2022), the Court held that "[t]o demonstrate a favorable

4

termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction" and does not need to show the prosecution ended "with some affirmative indication of innocence." *Id.* at 39, 45. Although *Clark* did not directly address *Heck*, it signified a "soften[ing] [of] *Heck*'s preclusion effect." *Ricci v. Rhode Island*, 2023 WL 4686025, at 15 (D.R.I. July 21, 2023) (explaining that "there is reason to believe the *Cabot* Court would reach a contrary result, consistent with this Court, were it to consider the issue post-*Clark*"). In the end, this court concludes that *Heck* does not bar Plaintiff's § 1983 claims.[3]

Nevertheless, as Judge Robertson explained, the record does not support Plaintiff's § 1983 claim against Bacis for failure to intervene, "as there is simply no evidence in the record that he even witnessed Ward's use of force." (Dkt. No. 54 at 20.) As to Castro, however, "Plaintiff testified that Castro saw Ward implement the arm bar on Plaintiff and did not do or say anything to interrupt it, and Castro admitted to witnessing Ward bringing Plaintiff to the floor and handcuffing her." (*Id.*) The court agrees with Judge Robertson that, viewing this evidence in a light most favorable to Plaintiff, there is "a triable issue as to Castro's liability for failure to intervene." (*Id.*) As to Ward himself, the evidence is clearly sufficient to advance Plaintiff's claim of excessive force past summary judgment.

Defendants also object on the grounds that Plaintiff has not "substantiated a causal connection between any purported misconduct by the officers and her alleged emotional distress" for purposes of her IIED claim. (Dkt. No. 55 at 13.) This court does not agree.

Under Massachusetts law, a plaintiff claiming intentional infliction of emotional distress must show that the defendant "intended to inflict emotional distress or that [she] knew or should have known that emotional distress was the likely result of [her]

---

[3] Because this court agrees with Judge Robertson's primary recommendation for the court to hold *Heck* poses no bar to Plaintiff's § 1983 claims, it need not address her alternative recommendation that, even if *Heck* applied under these circumstances, some of Plaintiff's theories of liability could survive summary judgment because they are not necessarily inconsistent with her criminal charges.

conduct"; that the defendant's "conduct was extreme and outrageous," such that it
transgressed "all possible bounds of decency and was utterly intolerable in a civilized
community"; that the conduct caused the plaintiff to suffer emotional distress; and
that this distress "was severe and of a nature that no reasonable [person] could be
expected to endure it."

*Sindi v. El-Moslimany*, 896 F.3d 1, 21 (1st Cir. 2018) (quoting *Agis v. Howard Johnson Co.*, 355 N.E. 2d

315, 318-19 (Mass. 1976)). Defendants argue that "[t]he record is devoid of any medical or

psychological testimony or documentation that directly correlates the Plaintiff's emotional distress

with the actions of Officers Ward and Castro." (Dkt. No. 55 at 13.) But there is no requirement

under Massachusetts law for medical testimony in support of Plaintiff's IIED claim. *See Sindi*, 896

F.3d at 23 ("Samia counters that the verdict must nonetheless be overturned because Dr. Sindi failed

to introduce any medical testimony in support of her claim. She is wrong: Massachusetts law allows

recovery in emotional distress cases based exclusively on lay testimony."); *see also Poy v. Boutselis*, 352

F.3d 479, 485-86 (1st Cir. 2003).

     Moreover, "causation is a factbound issue and, as such, is normally left to the trier." *Sindi*,

896 F.3d at 23. Here, the summary judgment record contains discovery responses in which Plaintiff

asserts:

> Since this incident I have been suffering with increased anxiety, depression, and
> trauma. When Officer Ward called me an unfit mother to my face and in front of my
> children it was extremely hard to hear since I have been doing my best to keep my
> family safe and together. My children had to watch me get arrested that day. I was hurt
> and embarrassed. I do not trust the policy any longer and I become afraid and panicked
> at the sight of police passing my house.

(Dkt. No. 40-2 ¶ 13.) Plaintiff also asserted, in the same discovery responses, that she was out of

work for four months as a result of the incident. (*Id.* ¶ 11.) As in *Ciolino v. Eastman*, 128 F. Supp. 3d

366, 379 (D. Mass. 2015), these discovery responses, along with the severity of Plaintiff's alleged

injuries (including a fractured elbow), provide sufficient evidence to withstand summary judgment,

in that a jury could infer that the conduct of Ward and Castro (in failing to intervene) caused

6

Plaintiff severe emotional distress. *See also Sindi*, 896 F.3d at 23; *Poy*, 352 F.3d at 486-86; *Dyer v. Steward Carney Hosp., Inc.*, 2021 WL 4554083, at *2-3 (D. Mass. Oct. 5, 2021).[4]

Accordingly, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. As a result, the court denies Defendants' motions to strike (Dkt. Nos. 39, 41); grants Defendants' motion for summary judgment (Dkt. No. 33) as to the negligence claim (Count I), the section 1983 claim against Bacis for failure to intervene (Count II), the *Monell* claim against the City of Springfield and Clapprood (Count III), the MCRA claim (Count IV), and the IIED claim against Bacis (Count V); and denies Defendants' motion for summary judgment as to the section 1983 claims against Ward for excessive force and Castro for failure to intervene (Count II), and the IIED claims against Ward and Castro (Count V).

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

[4] The court, however, agrees with Judge Robertson that the IIED claim against Bacis fails for the same reason that the section 1983 claim against him fails: there is no evidence that Bacis witnessed Ward's alleged excessive use of force.



Tyler Kenefick <tyler.j.kenefick@gmail.com>

---

## Activity in Case 3:21-cv-30114-MGM Aprileo v. Clapprood et al Order on Motion for Miscellaneous Relief

---

**ECFnotice@mad.uscourts.gov** <ECFnotice@mad.uscourts.gov>
To: CourtCopy@mad.uscourts.gov

Tue, Oct 1, 2024 at 1:43 PM

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

United States District Court

District of Massachusetts

### Notice of Electronic Filing

The following transaction was entered on 10/1/2024 at 1:43 PM EDT and filed on 10/1/2024
**Case Name:**     Aprileo v. Clapprood et al
**Case Number:**     3:21-cv-30114-MGM
**Filer:**
**Document Number:** 59(No document attached)

**Docket Text:**
**Judge Mark G. Mastroianni: ELECTRONIC ORDER entered granting [57] Motion to Certify and Amend this Court's Order of August 6, 2024. Defendants request that this court certify its order adopting Judge Robertson's Report and Recommendation (Dkt. No. 56) for interlocutory appeal, as to the issue of Heck's applicability to a criminal disposition under Mass. Gen. Laws ch. 276, § 87. Plaintiff has not opposed Defendant's motion for an interlocutory appeal.**

**The court finds that certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate. "Interlocutory appeals under § 1292(b) require an order (1) 'involv[ing] a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) for which 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). Here, in the court's view, each of these requirements is met. First, the court's order involved a controlling question of law, namely, whether Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's section 1983 claims when the underlying criminal charges were dismissed pursuant to a pretrial probation diversion agreement, without any admission of facts, under Mass. Gen. Laws ch. 276, § 87. This question of law is controlling because a reversal by the First Circuit on Heck's applicability "would dramatically alter the scope of the case." Water v. Day & Zimmermann NPS, Inc., 2020 WL 4754984, at *2. Second, there is substantial ground for difference of opinion on this issue, as demonstrated by the three decisions in this district which reached a conclusion different than this court and Judge Robertson. See Cabot v. Lewis, 241 F. Supp. 3d 239, 254 (D. Mass. 2017); Cardoso v. City of Brockton, 62 F. Supp. 3d 185, 186-87 (D. Mass. 2015); Kennedy v. Town of Billerica, 2014 WL 4926348, at *1-3 (D. Mass. Sept. 30, 2014). Third, an immediate appeal would materially advance the ultimate termination of the litigation,**

**APP 111**

because a reversal by the First Circuit would significantly narrow Plaintiff's theories of liability and streamline the issues at trial, while an affirmance would also clarify this pivotal legal question and eliminate uncertainty.

This court recognizes the First Circuit has "repeatedly emphasized that interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Caraballo-Seda, 395 F.3d at 9 (internal quotation marks omitted). But this is the rare case presenting such a "difficult and pivotal question[] of law not settled by controlling authority." Id. Accordingly, the court hereby amends its order at Dkt. No. 56 as necessary to certify to the First Circuit the following question: Does the Heck doctrine apply to a federal civil rights claim when the underlying criminal charges were dismissed after successful completion of pretrial probation under Mass. Gen. Laws ch. 276, § 87? The parties have 10 days from this order to file an interlocutory appeal. See 28 U.S.C. § 1292(b). The court further orders this case stayed pending decision by the First Circuit whether to hear an interlocutory appeal, and if so, resolution of the appellate proceedings. (Lendon, Tyler)

**3:21-cv-30114-MGM Notice has been electronically mailed to:**

Kevin B. Coyle    attycoyle@aol.com

Lisa C. deSousa    ldesousa@springfieldcityhall.com, jlatham@springfieldcityhall.com, lisacdesousa@gmail.com, mlandry@springfieldcityhall.com

Anthony Gallant    agallant777@gmail.com

Jason R. Herrick    jasonherrick@comcast.net, Damon.Wesley.JRH@gmail.com, Zachary.Strasser.JRH@gmail.com, agallant777@gmail.com

Tyler James Kenefick    tyler.j.kenefick@gmail.com

**3:21-cv-30114-MGM Notice will not be electronically mailed to:**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GUISTINA APRILEO,                           )
                              Plaintiff,    )
                                            )
          v.                                )          Civil Action No. 3:21-cv-30114-MGM
                                            )
CHERYL CLAPPROOD, RICHARD T.                )
WARD, THALIA CASTRO, JASON                  )
BACIS, and CITY OF SPRINGFIELD,             )
                                            )
                              Defendants.   )

REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT,  DEFENDANTS' MOTION UNDER LOCAL
RULE 56 TO STRIKE PLAINTIFF'S "CONCISE STATEMENT OF THE MATERIAL
FACTS," TO DEEM AS ADMITTED "DEFENDANTS' STATEMENT OF MATERIAL
FACTS," [AND] TO GRANT DEFENDANTS' "MOTION FOR SUMMARY JUDGMENT," &
MOTION TO STRIKE PLAINTIFF'S AMENDED CONCISE STATEMENT OF THE
UNDISPUTED MATERIAL FACTS DOCUMENT 40
(Dkt. Nos. 33, 39, & 41)

ROBERTSON, U.S.M.J.

        Plaintiff Guistina Aprileo ("Plaintiff") alleges that Defendants Richard T. Ward

("Ward"), Thalia Castro ("Castro"), Jason Bacis ("Bacis"), Cheryl Clapprood ("Clapprood"), and

the City of Springfield ("the City" or "Springfield") (collectively, "Defendants") injured her in

violation of her constitutional rights and state law when Ward utilized excessive force while

arresting her following her report of a domestic dispute in her home.  Defendants have moved for

summary judgment on all counts of Plaintiff's complaint (Dkt. No. 33); to strike Plaintiff's Local

Rule 56.1 statement of facts, deem Defendants' Local Rule 56.1 statement of facts admitted, and

grant Defendant's motion for summary judgment (Dkt. No. 39); and to strike Plaintiff's amended

Local Rule 56.1 statement of disputed facts (Dkt. No. 41).  The district court referred the motions

to the undersigned for report and recommendation (Dkt. Nos. 43, 53).  Having considered all the

pleadings and heard the parties at oral argument, I recommend that the court DENY Defendants'

motions to strike (Dkt. Nos. 39 and 41) and GRANT in part and DENY in part Defendants'

motion for summary judgment (Dkt. No. 33) as follows: to the City on Count I of Plaintiff's

complaint alleging negligence; to Bacis on Count II of Plaintiff's complaint alleging a 42 U.S.C.

§ 1983 ("§ 1983") claim; to the City and Clapprood on Count III of Plaintiff's complaint alleging

a § 1983 *Monell* claim; to Ward, Bacis, and Castro on Count IV of Plaintiff's Complaint alleging

a Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws ch. 12, § 11I, claim; and to Bacis

on Count V of Plaintiff's complaint alleging intentional infliction of emotional distress.  I

recommend that the court DENY summary judgment to Ward and Castro on Count II of

Plaintiff's complaint alleging a § 1983 claim for use of excessive force and failure to intervene to

prevent the use of excessive force, respectively, and Count V of Plaintiff's complaint alleging

intentional infliction of emotional distress.  Finally, as to the surviving § 1983 claim, I

recommend that the court hold that Plaintiff's claim is not subject to the *Heck* doctrine because

Plaintiff's criminal charges did not result in conviction, but if the court rejects this

recommendation and finds that *Heck* applies, I recommend that the court allow the claim to

proceed on the theory that, even accepting that Plaintiff assaulted Ward and resisted arrest, his

use of force in response was excessive.

## I.    MOTIONS TO STRIKE

Defendants filed their motion for summary judgment, along with  a statement of material

facts, including page references to the record as required by Local Rule 56.1, on August 30, 2023

(Dkt. Nos. 33-35).  Plaintiff timely filed an opposition, along with a statement of material facts

as to which she contended there was a genuine issue to be tried, on September 21, 2023 (Dkt.

Nos. 36-37).  Plaintiff failed to include references to the record as required by Local Rule 56.1.

Thereafter, Defendants moved to strike Plaintiff's Local Rule 56.1 statement of facts as non-compliant with the rule and to have their statement of facts deemed admitted and their motion for summary judgment granted (Dkt. No. 39).  In response, Plaintiff filed an amended Local Rule 56.1 statement of disputed material facts, along with references to the record (Dkt. No. 40). Defendants moved to strike this amended document as untimely and filed in violation of the Local Rule 7.1(b)(3), which requires a party to seek leave before filing any papers other than a single, timely opposition to a motion (Dkt. No. 41).  Defendants argued that they were unfairly prejudiced by this filing insofar as they were deprived of a fair opportunity to respond to the altered record, were subject to delay and increased costs due to the need to respond, and were exposed to the risk that the court might make findings on a record to which they had not had an opportunity to respond fully.

I recommend that the court DENY Defendants' motions to strike.  Although Defendants are correct that Plaintiff's original Local Rule 56.1 statement of disputed facts was deficient and her amended statement and exhibits were filed late and without leave, the references to the record are helpful to the court and there is a strong policy of law favoring disposition of cases on the merits. *Torres-Vargas v. Pereira*, 431 F.3d 389, 392 (1st Cir. 2005) (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).  The rules might grant the court authority to strike non-compliant filings but weighing that power against the preference for deciding cases on the merits counsels in favor of judicial restraint.  This is particularly true where Defendants are not unduly prejudiced.  Plaintiff filed her amended Local Rule 56.1 statement of disputed facts and supporting materials very quickly after Defendants' motion to strike, and the changes to her facts were minor.  In addition, Plaintiff did not seek to add anything to the record that was unknown to

3

Defendants or that had not been produced in discovery that would truly disadvantage or

prejudice Defendants.

## II.    MOTION FOR SUMMARY JUDGMENT

### A.  LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  "An issue is 'genuine' when a rational factfinder could resolve it either direction."  *Mu v.*

*Omni Hotels Mgmt. Corp.*, 882 F.3d 1, 5 (1st Cir.), *rev. denied*, 885 F.3d 52 (1st Cir. 2018)

(citing *Borges ex rel. S.M.B.W. v. Serrano–Isern*, 605 F.3d 1, 4 (1st Cir. 2010)).  "A fact is

'material' when its (non)existence could change a case's outcome.  *Id*. (citing *Borges*, 605 F.3d

at 5).

A party seeking summary judgment is responsible for identifying those portions of the

record "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden either by "offering

evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of

evidence to support the non-moving party's case.'"  *Rakes v. United States*, 352 F. Supp. 2d 47,

52 (D. Mass. 2005) (quoting *Celotex*, 477 U.S. at 325).  If the moving party meets its burden,

"[t]he non-moving party bears the burden of placing at least one material fact into dispute."

*Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (citing *Celotex*, 477 U.S. at 325).  The

record is viewed in favor of the nonmoving party, and reasonable inferences are drawn in the

nonmoving party's favor.  *See Garcia-Garcia v. Costco Wholesale Corp.*, 878 F.3d 411, 417 (1st

Cir. 2017) (citing *Ameen v. Amphenol Printed Circuits, Inc.*, 777 F.3d 63, 68 (1st Cir. 2015).

B. <u>FACTS</u>

On November 7, 2018, Ward, Bacis, and Castro, all of whom are uniformed officers with the Springfield Police Department ("SPD"), were dispatched to Plaintiff's residence at 46 Alderman Street following her report of a domestic disturbance involving two of her adult children, Ana-Bella and Antonio Aprileo (Dkt. No. 35 at ¶ 4; Dkt. No. 40 at ¶ 1). There is conflicting evidence about what ensued. According to Plaintiff, Bacis and Casto arrived first and successfully de-escalated the situation, such that when Ward arrived Plaintiff told him that he was no longer needed and he should leave (Dkt. No. 40 at ¶¶ 11(a), 14). Plaintiff maintains that Ward became angry and began insulting her, including calling her a bad mother (Dkt. No. 40 at ¶ 14). Then Ward – who was 6' tall and 245 pounds to Plaintiff's 5'1" and 129 pounds – placed Plaintiff in a forced arm bar, bringing her to the ground, fracturing her elbow and bruising her in the process (Dkt. No. 40 at ¶¶ 4, 7, 14). Plaintiff testified that Castro saw Ward implement the arm bar on her and failed to do or say anything to stop it (Dkt. No. 35-5 at 6-7). Plaintiff also claims that Ward choked Ana-Bella (Dkt. No. 40 at ¶ 11(e)).

Confusingly, Defendants represent that it is undisputed that the first two officers on the scene de-escalated the situation (Dkt. No. 35 at ¶¶ 5-6), but Bacis's and Ward's testimony contradict the notion that the situation had resolved by the time Ward arrived. Bacis testified that he, Castro, and Ward all arrived at the same time and that Plaintiff's two children were yelling at one another, with the house in disarray (Dkt. No. 40-8 at 8 (pp. 23 lines 6-9 and 20-24, 24 line 1)). Ward testified that he could not recall which SPD officers arrived first but that, upon his arrival, two of Plaintiff's adult children were screaming at and fighting with one another and that he and other SPD officers had to try to calm the situation and keep the two separated (Dkt. No. 40-7 at 6-7 (pp. 15 lines 13-15, 16 lines 12-24, 21 lines 16-24)). Ward further testified that,

5

as the SPD officers were leaving Plaintiff's house, Plaintiff was unhappy with their assistance and she yelled at and pushed him when he was exiting the doorway; when Ward told Plaintiff that she was under arrest for assaulting him and tried to handcuff her, Plaintiff began to resist, at which time other SPD officers came to assist him (Dkt. No. 40-7 at 8-10).  According to Bacis, while he and other SPD officers were inside the front area of Plaintiff's home, either in an enclosed porch or the front room, Plaintiff yelled and lunged at Ward, prompting Ward to place her under arrest; when Antonio tried to intervene to prevent Ward from arresting his mother, Bacis grabbed and handcuffed him (Dkt. No. 40-8 at 8-11).  Castro testified that she did not witness what prompted Ward to use force against Plaintiff, but she did see Ward putting Plaintiff on the floor and handcuffing her because she would not put her hands behind her back (Dkt. No. 40-9 at 11).

Following Ward's arrest of Plaintiff, she was charged with resisting arrest in violation of Mass. Gen. Lawc ch. 268, § 32B, disorderly conduct in violation of Mass. Gen. Laws ch. 272, § 53, and assault and battery on a police officer in violation of Mass. Gen. Laws ch. 265, § 13D (Dkt. No. 40 at ¶¶ 4, 8).  Antonio and another of Plaintiff's children, Valeria Aprileo, were also arrested and taken to jail, where all three spent the night (Dkt. No. 35 at ¶ 11; Dkt. No. 40 at ¶ 5).

On January 29, 2020, Plaintiff, through counsel, reached an agreement with the Hampden County District Attorney's Office to dispose of the charges against her with a term of probation pursuant to Mass. Gen. Laws ch. 276, § 87 (Dkt. No. 35 at ¶¶ 13, 15).  A judge approved the agreement and ordered a term of probation for Plaintiff (Dkt. No. 35 at ¶¶ 13, 16).  The conditions imposed included that Plaintiff break no laws, notify the probation department of any changes of address, and make no false statements to any officer of the court (Dkt. No. 35-3).  All three charges were subsequently dismissed (Dkt. No. 35-1).

C. <u>DISCUSSION</u>

Plaintiff asserts five causes of action, which, as clarified at the hearing on Defendants'

motion for summary judgment, consist of the following: (1) negligence against the City for

failure to train and supervise Ward, Bacis, and Castro; (2) a § 1983 claim against Ward for using

excessive force and against Castro and Bacis for failure to intervene to prevent or stop Ward's

use of excessive force;[1] (3) a § 1983 *Monell* claim against the City for failure to train and

supervise Ward, Bacis, and Castro;[2] (4) a Massachusetts Civil Rights Act ("MCRA"), Mass.

Gen. Laws ch. 12, § 11I, claim against Ward, Bacis, and Castro; and (5) an intentional infliction

of emotional distress claim against Ward, Bacis, and Castro (Dkt. No. 1-3). The court begins its

analysis with Plaintiff's constitutional claims and then turns to the remaining state law tort

claims.

---

[1] At oral argument, Plaintiff's counsel referred to allegations in the complaint that Plaintiff was
held in jail overnight and not provided medical attention to claim that Plaintiff is also seeking
damages based on Defendants' failure to provide her medical care while she was in custody. No
such claim is set out in the complaint (Dkt. No. 1-3 at ¶¶ 15-16). Plaintiff made no argument in
her opposition to Defendants' motion for summary judgment that would support a claim for
failure to provide medical care, nor is there any support for it in the record. Nowhere in the
submitted portions of Plaintiff's deposition transcript does she testify that she asked Defendants
for medical care or notified them that she needed medical care while she was in jail (Dkt. Nos.
35-5, 40-6). Plaintiff's answers to interrogatories also fail to offer any support for the claim
(Dkt. Nos. 35-7, 35-8, 40-2). While Plaintiff's counsel made representations about Plaintiff's
condition at the time of her arrest, including her screaming in pain and having obvious injuries,
these representations are not substantiated by the record submitted to the court. In addition, both
Bacis and Castro denied any awareness of Plaintiff having sustained or reported any injuries at
the time (Dkt. Nos. 40-8 at 14; 40-9 at 9). To the extent Plaintiff intended to make any such
claim, it has been forfeited.
[2] Plaintiff also named Clapprood as a defendant in her *Monell* claim as the "duly appointed and
presently acting Police Chief" of the SPD (Dkt. No. 1-3 at ¶ 30). Naming Clapprood as a
defendant was duplicative because, "[u]nder both Massachusetts and federal law, a suit against a
municipal police department or its chief (in his or her official capacity) is deemed to be a suit
against the municipality itself." *Est. of Brandao v. Benvie*, No. 24-cv-10147-ADB, 2024 WL
1911591, at *7 (D. Mass. May 1, 2024) (quoting *Murphy v. Town of Natick*, 516 F. Supp 2d 153,
158 (D. Mass. 2007)).

*1. Count I: § 1983 Claim Against Ward, Bacis, and Castro*

Defendants' leading argument is that Plaintiff's § 1983 claim for damages against Ward for excessive use of force is barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court was called upon to decide "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983," and held that such a claim is not cognizable if it would "necessarily imply" the invalidity of a criminal conviction or sentence unless and until the conviction has been invalidated. *Id*. at 478, 486-87. According to Defendants, the *Heck* doctrine precludes Plaintiff from asserting a claim for excessive use of force under § 1983 because success on that claim would negate the validity of the disposition of the charges of assault and battery on a police officer and resisting arrest that were brought against her.

Defendants' argument raises the threshold issue of whether the Mass. Gen. Laws ch. 276, § 87 pretrial probation followed by dismissal disposition constitutes a criminal conviction for *Heck* purposes, an issue that has not been resolved by the First Circuit. *Kennedy v. Town of Billerica*, Civil Action No. 10-11457-GAO, 2014 WL 4926348, at *2 (D. Mass. Sept. 30, 2014) ("The First Circuit has not ruled specifically on whether a state criminal defendant's acceptance of participation in a pre-trial diversion program bars a later § 1983 false arrest claim."). Defendants rely on decisions from other circuits, as well as two cases in this district, to support their argument that *Heck* is triggered by the pretrial probation disposition. *See Gilles v. Davis*, 427 F.3d 197, 208-12 (3d Cir. 2005) (affirming summary judgment for the defendants on the plaintiff's § 1983 claim that his arrest and conviction violated the First Amendment where the plaintiff's criminal charge for disorderly conduct was dismissed following a successful probationary term pursuant to an accelerated disposition program); *Roesch v. Otarola*, 980 F.2d

8

850, 852-854 (2d Cir. 1992) (holding, in a case decided before *Heck*, that the plaintiff could not

bring a § 1983 claim for malicious prosecution, false arrest, or unjust imprisonment where he

was granted accelerated pretrial rehabilitation as a first-time offender in connection with criminal

charges against him for breach of peace, harassment, and threatening, even though the charges

were dismissed at the end of the probationary period); *Cardoso v. City of Brockton*, 62 F. Supp.

3d 185, 186-87 (D. Mass. 2015) (entering summary judgment for the defendant on the plaintiff's

§ 1983 claim for damages for false arrest because the disposition of the plaintiff's disorderly

conduct charge with pretrial probation followed by dismissal did not amount to a "favorable"

termination for purposes of *Heck*); *Kennedy*, 2014 WL 4926348, at *2-3 (granting judgment as a

matter of law against the plaintiff pursuant to *Heck* on his claim for false arrest where he entered

a pretrial diversion program followed by dismissal of the criminal charges that were brought

against him in the incident on which his § 1983 claim was based because his acceptance of that

disposition was inconsistent with his claim that his arrest lacked probable cause).

      The court is not convinced that the First Circuit would consider the disposition of the

criminal charges against Plaintiff a conviction for purposes of *Heck*. The majority of circuits to

consider *Heck* in the context of pretrial diversion agreements – including the Sixth, Eighth,

Ninth, Tenth, and Eleventh Circuits – "have all held that where the conditions of the agreement

are satisfied and the criminal charges are dismissed without entry of conviction, *Heck* does not

bar subsequent civil rights claims." *Duarte v. City of Stockton*, 60 F.4th 566, 572 (9th Cir. 2023)

(citing *Mitchell v. Kirchmeier*, 28 F.4th 888, 895-96 (8th Cir. 2022); *Vasquez Arroyo v. Starks*,

589 F.3d 1091, 1093-96 (10th Cir. 2009); *S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 637-39

(6th Cir. 2008); *McClish v. Nugent*, 483 F.3d 1231, 1250-52 (11th Cir. 20007)). In *Duarte*, the

Ninth Circuit held that *Heck* was inapplicable because the plaintiff, who was bringing § 1983

claims for false arrest and excessive force, was never convicted of the resisting arrest charge that had been brought against him; instead, he had entered a plea of no contest and the charge was subsequently dismissed based upon his compliance with the conditions of an agreement with the prosecution. *Id.*, 60 F.4th at 571. The *Duarte* court relied on *Wallace v. Kato*, 549 U.S. 384 (2007), in which the Supreme Court, addressing the timeliness of a § 1983 suit, stated that "'the *Heck* rule … is called into play only when there exists "a conviction or sentence that has *not* been … invalidated," that is to say, an "outstanding criminal judgment."'" *Duarte*, 60 F.4th at 571 (quoting *Wallace*, 549 U.S. at 393). The Ninth Circuit reasoned that, "[b]ecause the charges against Duarte were dismissed, he was never convicted … [a]nd because there is no conviction that Duarte's § 1983 claims would impugn, *Heck* is inapplicable." *Id.* at 572. The Ninth Circuit was unpersuaded by the Third Circuit's contrary decision in *Gilles*, noting that *Gilles* pre-dated *Wallace*, in which the Supreme Court rejected "an argument that *Gilles* appears to embrace – that § 1983 claims inconsistent with ongoing criminal charges, not just outstanding criminal judgments, could be barred by *Heck*." *Id.* (citing *Mitchell*, 28 F.4th at 896, and comparing *Wallace*, 549 U.S. at 393-94, with *Gilles*, 427 F.3d at 209). Instead, the *Duarte* court found the decisions of the Sixth, Eighth, Tenth, and Eleventh Circuits persuasive. *See Mitchell*, 28 F.4th at 895 (holding that the claims of a §1983 plaintiff for retaliatory use of force and arrest who entered into a pretrial diversion agreement in connection with charges of criminal trespass and obstruction of a government function were not barred by *Heck* because he was never convicted); *Vasquez-Arroyo*, 589 F.3d at 1095 (holding that *Heck* did not apply to the pre-trial diversion agreements at issue where the agreements resulted in deferral of prosecution of the offenses at issue, meaning there was no "conviction or sentence" in connection with the charges from which his § 1983 claims arose); *S.E.*, 544 F.3d at 639 (holding *Heck* inapplicable where the plaintiff

10

had been charged in juvenile court with a trafficking violation, but the charge was diverted and dismissed after she satisfied the diversion contract); *McClish*, 483 F.3d at 1251 (reversing the district court's determination that *Heck* barred the plaintiff's § 1983 claim for false arrest where he participated in a pretrial intervention program in connection with a charge of resisting arrest, which charge was eventually dismissed with prejudice, because the plaintiff would not have to "negate an element of the offence of which he ha[d] been convicted," where he was never convicted of any offense).

I recommend that the court adopt the position announced by the majority of the circuits to have addressed the issue, which is that *Heck* does not apply when the criminal charges against a § 1983 plaintiff are dismissed without a formal conviction after successful completion of a pretrial diversion agreement. The starting point is *Heck* itself. In *Heck*, the plaintiff, who had been convicted of voluntary manslaughter in state court, alleged that the defendant state officials were liable to him for damages under § 1983 as a result of "engaging in an 'unlawful, unreasonable, and arbitrary investigation' leading to [his] arrest; 'knowingly destroy[ing]' evidence 'which was exculpatory in nature and could have proved [his] innocence'; and caus[ing] 'an illegal and unlawful voice identification procedure' to be used at [his] trial.'" *Id.*, 512 U.S. at 479. The court analogized the plaintiff's claims to a common-law cause of action for malicious prosecution, an element of which is termination of the prior criminal proceeding in favor of the accused, a requirement which promotes finality and consistency by avoiding parallel civil litigation. *Id.* at 484. The court found it appropriate to apply the same lasting "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486. Thus, the Court held that:

in order to recover damages for allegedly unconstitutional
conviction or imprisonment, or for other harm caused by actions
whose unlawfulness would render a conviction or sentence invalid,
a § 1983 plaintiff must prove that the conviction or sentence has
been reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal authorized to make such
determination, or called into question by a federal court's issuance
of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
bearing that relationship to a conviction or sentence that has *not*
been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.[3]

When, as here, a plaintiff participates in pretrial diversion of her criminal charges and

those charges are ultimately dismissed, there is no conviction raising finality or consistency

concerns.  There is no "parallel ligation over issues of probable cause and guilt" or the possibility

that the plaintiff will "succeed in the tort action after having been convicted in the underlying

criminal prosecution … [thereby] create[ing] … two conflicting resolutions arising out of the

same … transaction" because the issues of probable cause and guilt are not litigated, and the

criminal charges did not result in a finding of guilt.  *Id*. at 484.  Indeed, in this case, the record

does not even reflect that Plaintiff engaged in a plea colloquy admitting to any facts regarding

the offenses.  The decision in *Gilles*, on which Defendants and the two courts in this district that

have addressed the issue rely, is less persuasive.  *See Cardoso*, 62 F. Supp. 3d at 186-87;

*Kennedy*, 2014 WL 4926348, at *2-3.  The *Gilles* court's decision rested on the view that the

pretrial diversion program imposed burdens on the criminal defendant "not consistent with

innocence, including a probationary term, 'restitution … [,] imposition of costs, …imposition of

---

[3] As an example of "other harm caused by actions whose unlawfulness would render a
conviction or sentence invalid," the Court described a state criminal defendant bringing a § 1983
action for damages arising from a police officer's violation of his fourth amendment right to be
free from unreasonable seizures following his conviction of and sentence for the crime of
resisting arrest, which crime requires as an element proof of a lawful arrest.  *Heck*, 512 U.S. at
486 n.6.

12

a reasonable charge relating to the expense of administering the program, and such other conditions as may be agreed to by the parties.'"  *Id*., 427 F.3d at 211.  The issue should not be whether the conditions of a pretrial diversion agreement are inconsistent with innocence.  Rather, the issue for purposes of *Heck* should be whether there was a conviction embodying a judicial finding of guilt, which would create the prospect of inconsistency with a subsequent constitutional challenge to that conviction in a civil action.  In the case of charges dismissed pursuant to a pretrial diversion agreement, there is, at the end, no such conviction.

The case of *Cabot v. Lewis*, 241 F. Supp. 3d 239, 254 (D. Mass. 2017) produced an additional decision from a session of this court that thoroughly analyzed the applicability of *Heck* in circumstances where the § 1983 plaintiff participated in pretrial probation.  In *Cabot*, the court ultimately found, like the *Cardoso* and *Kennedy* courts, that *Heck* applied notwithstanding the lack of a conviction.  The *Cabot* court began by noting that courts that have found *Heck* inapplicable in pretrial diversion situations have done so by reading *Heck* literally.  *Id*. at 251.  According to the *Cabot* court, while this approach might have the advantage of creating a bright-line rule, it is inconsistent with the purposes and rationale of *Heck* of promoting finality, consistency, and comity.  *Id*. at 252.  With respect to finality, the *Cabot* court noted that pretrial probation is not a final judgment on the merits, but it is a final disposition of criminal charges.  *Id*.  Thus, "[a] subsequent civil proceeding that seeks to establish a diametrically opposed set of facts" would "tend[] to undermine … finality."  *Id*.  Turning to consistency, the *Cabot* court noted that, "while a successful § 1983 action would not result in an outcome contrary to a parallel direct appeal, it would result in an outcome contrary to pretrial probation."  *Id*. at 253 n.13.  Finally, the *Cabot* court took the view that federal courts should "hesit[ate] to permit claims to proceed that are intended to negate or nullify the outcome of prior state proceedings" to

13

promote comity. *Id.* at 253. For these reasons, the *Cabot* court found that "the considerations favoring the imposition of the favorable-termination rule outweigh[ed] the countervailing factors." *Id.* at 254.

While the analysis in the *Cabot* opinion is logical and comprehensive, I respectfully recommend that the court follow the contrary view expressed by the circuit courts in the *Duarte*, *Mitchell*, *Vasquez Arroyo, S.E.*, and *McClish* cases. A winning verdict for a § 1983 plaintiff would not change the final disposition of dismissed criminal charges, nor would it be inconsistent with, negate, or nullify the dismissal of those charges. In addition, as the *Cabot* court acknowledged, applying *Heck* in circumstances involving pretrial diversion agreements might have the undesirable effect of allowing instances of police misconduct to go unpunished. *Cabot*, 241 F. Supp. 3d at 252 n.12. A criminal defendant who is offered a disposition of pretrial probation has a strong incentive to accept this disposition even if she is innocent and her civil rights have been violated because, by doing so, she avoids the risks and costs of going to trial, and, without having to acknowledge or admit any facts, she can have the criminal charge or charges dismissed in exchange for a brief term of pretrial probation involving little to no inconvenience or burden. *Id.* Following such a disposition, with no conviction that could be reversed or expunged, an individual in Plaintiff's position would have no way to obtain a favorable resolution of the criminal charges, leaving her no avenue for pursuing a civil action to vindicate the claimed violation of her civil rights. Moreover, as a judge in the District of Rhode Island recently observed, the *Cabot* court might reach a different conclusion following the Supreme Court's decision in *Thompson v. Clark*, 596 U.S. 36 (2022). *See Ricci v. Rhode Island*, No. 1:20-cv-00543-MSM-PAS, 2023 WL 4686025, at *15 (D.R.I. July 21, 2023). In *Thompson*, the Court held that a plaintiff asserting a claim of malicious prosecution under the fourth

amendment was not required to show that the criminal prosecution ended with some affirmative indication of innocence, but only that it ended without a conviction.  *Id*., 596 U.S. at 49.  Thus, the *Cabot* court might find, in light of *Clark*, that "[o]nly an outstanding conviction bars a civil rights action that impugns its integrity."  *Ricci*, 2023 WL 4686025, at *13 (citing *Thompson*, 596 U.S. at 39).

For all these reasons, I recommend that the court hold that *Heck* poses no bar to Plaintiff's § 1983 claims where the criminal charges against her were dismissed following a term of pretrial probation pursuant to Mass. Gen. Laws ch. 276, § 87.  Should the court disagree and find that the pretrial probation followed by dismissal without conviction does trigger *Heck*, however, the inquiry would not end there.  The court would still have to determine whether a favorable judgment on Plaintiff's § 1983 damages claim would necessarily imply the invalidity of that disposition.  *See Heck*, 512 U.S. at 487 (holding that, if an action does not imply the invalidity of a previous criminal disposition, it should be "allowed to proceed, in the absence of some other bar to the suit"); *Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006) (determining whether *Heck* preclusion applies requires the court to "consider the relationship between the § 1983 claim and the conviction, including asking whether the plaintiff could prevail only by 'negat[ing] an element of the offence of which [s]he [was] convicted.'" (quoting *Heck*, 512 U.S. at 486, n.6)).  As the First Circuit has recognized, "[a] § 1983 excessive force claim brought against a police officer that arises out of the officer's use of force during an arrest does not necessarily call into question the validity of an underlying state conviction [even where the conviction was for assault on a police officer] …."  *See Thore*, 466 F.3d at 179.  While such a such a claim is "plainly barred" when the plaintiff is claiming that she is not guilty of assault on the police officer at all, *id*. at 180, "a claim that an officer used too much force to respond to the

15

assault or that the officer used force after the need for force disappeared is not barred by *Heck*."

*O'Brien v. Town of Bellingham*, Civil Action No. 15-11523-JCB, 2018 WL 10051031, at *10 (D.

Mass. June 27, 2018), *aff'd*, 943 F.3d 514 (1st Cir. 2019) (citing *Bochart v. City of Lowell*, Civil

Action No. 13-11753-FDS, 2016 WL 696087, at *4 (D. Mass. Feb. 19. 2016)).  *See also Thore*,

466 F.3d at 180 (holding that the plaintiff's excessive force claim based on the theory that he was

not guilty of assault on a police officer at all would be barred by *Heck* but it would not

necessarily be barred by *Heck* if it was based on the theory that he posed no ongoing threat to the

officers by the time he was shot by the police).

    "Because *Heck* bars only a theory of relief that depends upon [ ] [P]laintiff's innocence,

this Court must consider each of [ ] [P]laintiff's theories of relief individually when determining

whether h[er] claims are viable under *Heck*."  *O'Brien*, 2018 WL 10051031, at *11 (citing

*Bochart*, 2016 WL 696087, at *4).  While Plaintiff's complaint is not a model of clarity, she

alleges that by the time the SPD officers arrived at her home on November 7, 2018, in response

to the report of a disturbance, the dispute had ceased (Dkt. No. 1-3 at ¶¶ 8-11).  When Plaintiff

told Ward his services were no longer needed, Ward insulted Plaintiff's parenting abilities,

shoved his way into her home, and placed her in a forced arm bar, breaking her elbow in the

process (Dkt. No. 1-3 at ¶¶ 12-13).  Plaintiff does not explicitly contest her culpability for

assaulting Ward or resisting arrest in the complaint.  Neither does she admit to those offenses.  In

her deposition, Plaintiff testified that Ward called her an unfit mother and, when she told the

SPD officers to leave her home, "[Ward] pulled me out of the stairs – out of the stairs, he pushed

me down, he forced me down.  He was pushing on my back …" (Dkt. No. 35-5 at 6-7).  Plaintiff

did not testify to using any force against Ward or attempting to evade arrest.  Even though she

did not explicitly deny assaulting Ward or resisting arrest during her deposition, she did testify,

"I don't know why I went to jail" (Dkt. No. 35-5 at 7). Going a step further, Plaintiff, in responding to Defendants' requests for admissions, denied placing her hands on, refusing to obey the commands of, or struggling with an SPD officer attempting to arrest her (Dkt. No. 35-6 at ¶¶ 5-7). Finally, in arguing that Ward's use of force was excessive in her opposition to Defendants' motion for summary judgment, Plaintiff maintains that she did not exhibit any aggressive or menacing behavior toward Ward and that there was "no indication of violence or a threat to the Defendants" (Dkt. No. 37 at 4). She also denies resisting arrest because, according to her, Ward did not tell her she was under arrest until after he applied the forced arm bar (Dkt. No. 37 at 5-6).

Viewing the record in its totality, at least one of Plaintiff's theories seems to be that she did not assault Ward or resist arrest, and, under *Thore*, *Heck* "plainly bar[s]" a § 1983 claim for excessive force based on a theory of innocence.[4] Plaintiff's claim would also be barred to the extent she claims that she was lawfully permitted to resist arrest or use force to defend herself from Ward's excessive force because such a claim is defense intended to disprove the charge of assault and battery and would necessarily undermine the dispositions of charges for resisting arrest or assault and battery on a police officer. *See O'Brien*, 2018 WL 10051031, at *11 ("Excessive force is a defense to the crime of assault and battery on a police officer" because "'[w]here an officer uses excessive or unnecessary force to subdue the arrestee, regardless of whether the arrest is lawful or unlawful, the arrestee may defend [her]self by employing such

---

[4] Under Massachusetts law, assault and battery may be proven under two alternative theories: (1) the "intentional and unjustified use of force upon the person of another, however, slight;" and (2) the "intentional commission of a wanton or reckless act … causing physical or bodily injury to another." *Thore*, 466 F.3d at 175-76 (quoting *Commonwealth v. Burno*, 487 N.E.2d 1366, 1368-69 (Mass. 1986)). "A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another, by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another." Mass. Gen. Laws ch. 268, § 32B(a).

force as reasonably appears to be necessary.'" (quoting *Commonwealth v. Moreira*, 447 N.E.2d

1224, 1228 (Mass. 1983))).  Plaintiff's claim would only escape the *Heck* bar – if the court finds

it applicable – to the extent it is premised on a theory that, even though her assaultive behavior

provoked Ward first, his use of force was unreasonable or excessive because he used too much

force to respond to her assault or he used force after the need for it disappeared.  *O'Brien*, 2018

WL 10051031, at *10 (citing *Bochart*, 2016 WL 696087, at *4).

A claim of excessive force is analyzed under the fourth amendment's reasonableness

standard, with the question being "'whether the officers' actions are "objectively reasonable" in

light of the facts and circumstances confronting them, without regard to their underlying intent or

motivation.'"  *Bannon v. Godin*, 99 F.4th 63, 78 (1st Cir. 2024) (quoting *Graham v. Connor*, 490

U.S. 386, 397 (1989)).  The reasonableness inquiry encompasses all of the circumstances

surrounding the use of force, including whether a reasonable officer on the scene could believe

the plaintiff posed an immediate threat to police officers or civilians; whether the officer gave a

warning to the plaintiff and whether the plaintiff complied with his command; whether the

plaintiff was armed or the defendant officer believed the plaintiff was armed; the speed with

which the defendant officer had to respond to the situation, both overall and with respect to the

decision to employ force; whether the plaintiff was advancing on the police officer or escalating

the situation; how close the plaintiff was to the police officers at the time the defendant officer

used force; whether multiple officers simultaneously concluded force was necessary; and the

nature of the underlying crime.  *Id*. (citations omitted).  \

Defendants argue that the court should find Ward's use of force reasonable as a matter of

law because police were responding to a domestic disturbance, Ward only used force during the

arrest, and Plaintiff was arrested, legally charged, and subsequently entered a plea in court (Dkt.

Nos. 34 at 11; 39 at 7-8). This argument fails to reckon with the facts and circumstances surrounding Ward's use of force on Plaintiff, including identifying the force Ward used.[5] Review of the summary judgment record, which is thin, does little to clarify the analysis. However, viewing the record (such as it is) in the light most favorable to Plaintiff, even if Plaintiff provoked Ward by pushing him out of her house as Ward testified, a factfinder could conclude that Ward's use of the arm bar technique on Plaintiff, who was unarmed and was nearly a foot shorter and weighed half as much as him, without any evidence that Ward gave Plaintiff any warning he was about to use an arm bar, was objectively unreasonable. Thus, to the extent the court determines that *Heck* is triggered by the disposition of the criminal charges against Plaintiff, the undersigned recommends that the court find that Plaintiff's excessive force claim against Ward survives summary judgment to the extent it is based on a theory that, even though Plaintiff assaulted Ward and resisted arrest, Ward used too much force in response.[6] Conversely, to the extent the court finds *Heck* inapplicable, this same analysis with the additional possibility that a factfinder could find that Plaintiff did not assault Ward or resist arrest creates a disputed issue of material fact regarding whether Ward's use of force was excessive. This is sufficient to advance Plaintiff's § 1983 claim against Ward past summary judgment.

As to Plaintiff's claim that Castro and Bacis are liable for failing to stop Ward's use of excessive force, "[a]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under 42 U.S.C. § 1983 for his nonfeasance." *Gaudreault v. Salem*, 923 F.2d 203, 208 n.3 (1st Cir. 1990) (citing *Byrd v. Brishke*, 466 F.2d 6, 10-11 (7th Cir. 1972); *Hathaway v. Stone*, 687 F. Supp. 708, 711-12

---

[5] Defendants did not submit Ward's deposition testimony in support of their motion for summary judgment.
[6] There is no evidence in the record to support a theory that Ward continued to use force after the need for it disappeared.

(D. Mass. 1988)).  Defendants argue that Castro and Bacis cannot be liable on this basis because
"[a] police officer cannot be held liable for failing to intercede if he has no 'realistic opportunity'
to prevent an attack.'"  *Id*. (quoting *O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988)).
According to Defendants, Plaintiff's testimony that Ward employed a forceful arm bar on her
without any indication he was going to do so makes it impossible that Castro or Bacis could have
intervened.  The court agrees with Defendants regarding Bacis's potential liability, as there is
simply no evidence in the record that he even witnessed Ward's use of force.  As to Castro,
however, Plaintiff testified that Castro saw Ward implement the arm bar on Plaintiff and did not
do or say anything to interrupt it, and Castro admitted to witnessing Ward bringing Plaintiff to
the floor and handcuffing her.  This evidence, while thin, is sufficient to create a triable issue as
to Castro's liability for failure to intervene.[7]

To summarize, I recommend that the court decline to hold Plaintiff's § 1983 claims
precluded by *Heck* because she was not convicted of the criminal charges that were brought
against her.  If the court adopts this recommendation, I further recommend that the court deny
Defendants' motion for summary judgment on Plaintiff's excessive force claim against Ward and
failure to intervene claim against Castro but grant it as to her failure to intervene claim against
Bacis.  If the court holds that *Heck* applies, I recommend that Defendants' motion be denied but
Plaintiff be limited to the theory that Ward used more force than was reasonably necessary
notwithstanding Plaintiff's assault.  My recommendation regarding Plaintiff's failure to intervene
claims would remain the same – that Defendants' motion be granted as to Bacis but denied as to
Castro – with the same limitation on Plaintiff's theory of liability.

---

[7] At oral argument, Defendants' counsel maintained that Castro could not have intervened
because she was securing the scene, but that argument plainly presents a dispute for the
factfinder.

2. *Section 1983 Monell claim against the City*

Plaintiff seeks to impose *Monell* liability on the City for maintaining a custom of inadequate training and supervision of Ward, Bacis, and Castro, which Plaintiff maintains led to the violation of her constitutional rights (Dkt. No. 1-3 at 5-6). Defendants argue that the City is entitled to summary judgement because Plaintiff has not presented sufficient facts to show that the City's training of its officers was deficient, let alone that it rose to the level of deliberate indifference. In resisting summary judgment, Plaintiff argues only that the City and Police Department's policies and procedures, which included mandatory annual in-service training, are "evidently" not being implemented because, "[i]f these training sessions were sufficient in training … Ward, this incident would not have happened" (Dkt. No. 37 at 8). The only deficiency Plaintiff identifies specifically is that Ward was not sufficiently trained on the City's curriculum that "the first responding officer sets the tone of the investigation [of crimes of domestic violence and sexual assault] which can directly impact the victim – positively or negatively," because Ward used incendiary comments, like calling Plaintiff an unfit mother, in responding to her report of a domestic disturbance.

"Although 'a municipality cannot be held liable under § 1983 on a *respondeat superior* theory,' § 1983 does impose 'liability on a government that, under color of some official policy, "causes" an employee to violate another's constitutional rights.'" *Echavarria v. Roach*, 565 F. Supp. 3d 51, 90 (D. Mass. 2021) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–92 (1978)). To successfully impose liability, "a plaintiff must show that the violation occurred as a result of the municipality's 'policy or custom.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013) (quoting *Monell*, 436 U.S. at 694). "Triggering municipal liability on a claim of failure to train requires a showing that municipal

21

decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies." *Echavarria*, 565 F. Supp. 3d at 91 (quoting *Gray v. Cummings*, 917 F.3d 1, 14 (1st Cir. 2019)). The training program in question must be "quite deficient," and the plaintiff "must also show that the [municipality] knew or had reason to believe that such a regimen had unconstitutional effects." *Gray*, 917 F.3d at 14. The latter typically requires the plaintiff to show a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Plaintiff's *Monell* claim fails as a matter of law for several reasons. First, Plaintiff has not identified a training or procedure that is allegedly constitutionally deficient or submitted evidence, such as an expert opinion, that would support such a finding. Second, Plaintiff has not submitted evidence of any other similar constitutional violations, let alone a pattern of them, by untrained employees.[8] "[A] 'single incident' of police misconduct does not, standing alone, permit an inference of a policy of inadequate training." *Kibbe v. City of Springfield*, 777 F.2d 801, 805 (1st Cir. 1985). "To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in

---

[8] At the hearing on Defendants' summary judgment motion, Plaintiff's counsel stated that that they learned, after filing their opposition to Defendants' motion to dismiss, that Ward had a record of sustained allegations of misconduct – including for excessive force – from publicly available records of the Massachusetts Peace Officer Standards and Training ("POST") Commission. Plaintiff's counsel suggested that the POST record showed that the City's production of Ward's disciplinary records was somehow deficient. The records of the POST Commission are not the records of the City but, t address the claim, I ordered that the City file the discovery documents it produced regarding any disciplinary issues involving Ward and the City responded by filing a comprehensive prior production (Dkt. No. 52). Plaintiff did not respond. Thus, Plaintiff has not established that the City's production was in any way deficient or that the records she obtained from the POST Commission somehow put the City on notice that Ward had a history of using excessive force.

*Monell.*"  *Id.* (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 830 (1985) (Brennan, J.,

concurring in part)).  Finally, even if the City's training on setting the tone of a domestic

violence investigation was constitutionally deficient and resulted in Ward using inflammatory

language with Plaintiff, it is Ward's alleged use of excessive force and not his communications

with Plaintiff that she claims violated her constitutional rights.  For these reasons, I recommend

that the court grant Defendants' motion to dismiss Plaintiff's *Monell* claim.

       3.  *Massachusetts Civil Rights Act Claim Against Ward, Bacis, and Castro*

In Plaintiff's complaint, she asserts a Massachusetts Civil Rights Act ("MCRA"), Mass.

Gen. Laws ch. 12, § 11I, claim against Ward, Bacis, and Castro.  The MCRA provides a right of

action to any person whose exercise or enjoyment of rights secured by the federal or state

constitution or laws has been interfered with by "threats, intimidation, or coercion."  *Bally v.*

*Northeastern Univ.*, 532 N.E.2d 49, 51-52 (Mass. 1989).  "[A] direct deprivation of rights, even

if unlawful, is not coercive because it is not an attempt to force someone to do something the

person is not lawfully required to do."  *Columbus v. Biggio*, 76 F. Supp. 2d 43, 54 (D. Mass.

1999) (*citing Swanset Development Corp. v. City Of Taunton*, 668 N.E.2d 333, 338 (Mass.

1996)).  Defendants have moved for summary judgment on Plaintiff's MCRA claim because

there is no evidence supporting any use of threats, intimidation, or coercion by Ward, Bacis, or

Castro to cause Plaintiff to give up her right to be free from excessive force.  Plaintiff failed to

oppose Defendants' motion for summary judgment on her MCRA claim and conceded at oral

argument that she lacks evidence of threats, intimidation, or coercion.  Accordingly, I

recommend that Defendants' motion for summary judgment on Plaintiff's MCRA claim be

granted.

       4.  *Negligence Against the City*

APP 135

Plaintiff asserts a claim against the City for negligently failing to prevent Ward, Bacis, and Castro from harming her.  Defendants move for summary judgment because the Massachusetts Tort Claims Act ("MTCA"), Mass. Gen. Laws ch. 258, § 10(c), exempts public employers from liability for intentional torts of their employees, which is all that Plaintiff has alleged by Ward, Bacis, and Castro, and because Plaintiff has submitted no evidence of negligent training or supervision by the City.  Plaintiff failed to oppose Defendants' motion for summary judgment on her negligence claim.

On a motion for summary judgment, once the moving party discharges its "initial burden of informing the trial court of the basis for [its] motion and identifying the portions of [the record] … that demonstrate the absence of any genuine issue of material fact," "the burden shifts to the nonmoving party, who must, with respect to each issue on which she would bear the burden of proof at trial, demonstrate that a trier of fact could reasonably resolve that issue in her favor." *Borges*, 605 F.3d at 5 (citing *Celotex*, 477 U.S. at 323).  "As to issues on which the summary judgment target bears the ultimate burden of proof, she cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (citing *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990)).  Because Plaintiff failed entirely to respond to Defendants' request for summary judgment on her negligence claim and pointed to no evidence in the record showing that a trial worthy issue exists, I recommend that the court grant Defendant's motion for summary judgment in the City's favor on this claim.

### 5.  *Intentional Infliction of Emotional Distress Against Ward, Bacis, and Castro*

Plaintiff's final claim is for intentional infliction of emotional distress against Ward, Bacis, and Castro.  Defendants maintain that they are entitled to summary judgment on this claim

because the actions of the individual officers were not extreme and outrageous, and Plaintiff has

submitted no evidence of causation.  Plaintiff counters that she has submitted sufficient evidence

to justify a finding that Ward engaged in extreme and outrageous conduct intending to inflict

emotional distress on Plaintiff and that, as a result, she has suffered severe emotional distress.

Under Massachusetts law:

> [t]o sustain a claim of intentional infliction of emotional distress, a plaintiff must show (1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress.  *Agis v. Howard Johnson Co.*, 355 N.E.2d 315, 318-19 (Mass. 1976), and cases cited.  To be considered extreme and outrageous, the defendant's conduct must be "beyond all bounds of decency and ... utterly intolerable in a civilized community."  *Id.* at 319 (quoting Restatement (Second) of Torts § 46 comment d (1965)).  Liability cannot be founded upon mere insults, threats, or annoyances. *Foley v. Polaroid Corp.,* 508 N.E.2d 72, 82 (1987).

*Barbosa v. Conlon*, 962 F. Supp. 2d 316, 334 (D. Mass. 2013) (quoting *Sena v. Commonwealth*,

629 N.E.2d 986, 994 (Mass. 1994)).  "Moreover, to the extent that police are merely carrying out

their obligations as law enforcement officers, their conduct as a matter of law is not deemed

extreme and outrageous."  *Id*. (citing *Sietins v. Joseph*, 238 F. Supp. 2d 366, 379 (D. Mass.

2003)).

A finding by the factfinder that Ward used excessive force, which is possible on the basis

of the record viewed in the light most favorable to Plaintiff, could support a finding of

intentional infliction of emotional distress.  *Id*. (citing *Poy v. Boutselis*, 352 F.3d 479, 485-86

(1st Cir. 2003)).  Plaintiff's claim for failure to intervene against Castro, which likewise raises a

genuine issue of material fact, also should get Plaintiff's claim for intentional infliction of

emotional distress against Castro past summary judgment.  *See Cote v. Town of Millinocket*, 901

F. Supp. 2d 200, 249-50 (D. Me. 2012) (denying summary judgment to the defendant officer on the plaintiff's § 1983 claim for failure to intervene to prevent another officer from tasing him and a related claim for intentional infliction of emotional distress).  However, because Plaintiff's failure to intervene claim against Bacis is not trial-worthy, Bacis is entitled to summary judgment on Plaintiff's intentional infliction of emotional distress claim as well.

### III.    CONCLUSION

Accordingly, for the reasons stated, I recommend that the court DENY Defendants' motions to strike (Dkt. Nos. 39 and 41) and GRANT in part and DENY in part Defendants' motion for summary judgment (Dkt. No. 33) as set forth herein.  Specifically, I recommend that the court GRANT summary judgement to the City on Count I of Plaintiff's complaint alleging negligence; to Bacis on Count II of Plaintiff's complaint alleging a § 1983 claim; to the City on Count III of Plaintiff's complaint alleging a § 1983 *Monell* claim; to Ward, Bacis, and Castro on Count IV of Plaintiff's Complaint alleging a Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws ch. 12, § 11I, claim; and to Bacis on Count V of Plaintiff's complaint alleging intentional infliction of emotional distress.  I further recommend that the court DENY summary judgment to Ward and Castro on Count II of Plaintiff's complaint alleging a 42 U.S.C. § 1983 claim and Count V of Plaintiff's complaint alleging intentional infliction of emotional distress. Finally, as to the surviving § 1983 claim, I recommend that the court hold that the claim is not subject to the *Heck* doctrine because Plaintiff's criminal charges did not result in a conviction, but if the court rejects this recommendation and finds that *Heck* applies, I recommend that the

26

court allow the claim to proceed on the theory that, even accepting that Plaintiff assaulted Ward and resisted arrest, his use of force in response was excessive.[9]

Dated: May 21, 2024                            /s/ Katherine A. Robertson
                                               KATHERINE A. ROBERTSON
                                               UNITED STATES MAGISTRATE JUDGE

---

[9] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GUISTINA APRILEO,                           *
                                            *
        Plaintiff,                          *
                                            *        Civil Action No. 21-30114-MGM
        v.                                  *
                                            *
CHERYL CLAPPROOD, RICHARD T. WARD,          *
THALIA CASTRO, JASON BACIS, and             *
CITY OF SPRINGFIELD,                        *
                                            *
        Defendants.                         *

MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
AND MOTIONS TO STRIKE
(Dkt. Nos. 33, 39, 41, and 54)

August 6, 2024

MASTROIANNI, U.S.D.J.

Magistrate Judge Katherine A. Robertson has issued a Report and Recommendation which

recommends the court deny Defendants' motions to strike and grant in part and deny in part

Defendant' motion for summary judgment. (Dkt. No. 54.) Specifically, Judge Robertson

recommends that the court grant Defendants' motion for summary judgment as to the negligence

claim (Count I), the section 1983 claim against Jason Bacis for failure to intervene (Count II), the

*Monell* claim against the City of Springfield and Cheryl Clapprood (Count III), the Massachusetts

Civil Rights Act ("MCRA") claim (Count IV), and the intentional infliction of emotional distress

("IIED") claim against Bacis (Count V). However, Judge Robertson recommends the court deny

Defendants' motion for summary judgment as to the section 1983 claims against Richard T. Ward

for excessive force and Thalia Castro for failure to intervene (Count II), and the IIED claims against

Ward and Castro (Count V).

Defendants filed a timely objection to Judge Robertson's Report and Recommendation. (Dkt. No. 55.) Defendants object to Judge Robertson's recommendation that the court hold the *Heck* doctrine is not a bar to Plaintiff's section 1983 claims. They also object to Judge Robertson's recommendation for the court to deny summary judgment as to Plaintiff's IIED claims against Ward and Castro. Plaintiff has not filed an objection to the Report and Recommendation.

The court agrees with the thorough and well-reasoned analysis presented in the Report and Recommendation. In particular, the court agrees the motions to strike should be denied under these circumstances, where Defendants have not been prejudiced by Plaintiffs' initial deficient Local Rule 56.1 statement. The court also agrees that the negligence claim is not viable in light of the Massachusetts Tort Claims Act and Plaintiff's failure to submit evidence of negligence;[1] the *Monell* claim fails due to Plaintiff's failure to submit evidence demonstrating deficient training or policies or similar constitutional violations; and the MCRA claim fails, as Plaintiff conceded she lacks evidence of threats, intimidation, or coercion.[2]

As to the section 1983 claims against Ward, Castro, and Bacis (Count II), Plaintiff alleges Ward employed excessive force against Plaintiff in connection with a domestic disturbance involving Plaintiff's children and that Castro and Bacis are liable for failing to intervene and stop Ward's excessive force. Following the encounter, Plaintiff was charged with resisting arrest, disorderly conduct, and assault and battery on a police officer. However, Plaintiff subsequently reached an agreement with the prosecutor to dispose the charges with a term of pretrial probation (requiring no admission to facts), after which the charges were dismissed. *See* Mass. Gen. Laws ch. 276, § 87.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not

---

[1] In addition, Plaintiff failed to oppose summary judgment as to the negligence claim.

[2] Plaintiff also failed to oppose summary judgment as to the MCRA claim.

cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 & n. 6. Here, however, Plaintiff was never convicted and served no sentence; rather, her charges were ultimately dismissed after a successful pretrial probation diversion agreement. Thus, as Judge Robertson explains (and the majority of the circuits hold), "where the conditions of the agreement are satisfied and the criminal charges are dismissed without entry of conviction, *Heck* does not bar subsequent civil rights claims." (Dkt. No. 54 at 9 (quoting *Duarte v. City of Stockton*, 60 F.4th 566, 572 (9th Cir. 2023)).) Granted, as Judge Robertson recognized, the First Circuit has not yet decided this issue and some courts, including three in this district, hold otherwise. *See Cabot v. Lewis*, 241 F. Supp. 3d 239, 254 (D. Mass. 2017); *Cardoso v. City of Brockton*, 62 F. Supp. 3d 185, 186-87 (D. Mass. 2015); *Kennedy v. Town of Billerica*, 2014 WL 4926348, at *1-3 (D. Mass. Sept. 30, 2014). But this court is not persuaded that *Heck* bars suit in this situation.

As the Supreme Court explained in *Heck*, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. If, as Judge Robertson explained, there is no outstanding criminal judgment "that could be reversed or expunged, an individual in Plaintiff's position would have no way to obtain a favorable resolution of the criminal charges, leaving her no avenue for pursuing a civil action to vindicate the claimed violation of her civil rights." (Dkt. No. 54 at 14.) Having avoided any judicial finding of guilt and successfully achieving dismissal of the charges (without even admitting to sufficient facts regarding the charges), Plaintiff should not be in a worse position than individuals who were convicted (and thus have a means of invalidating that conviction). *See Commonwealth v. Millican*, 867 N.E.2d 725, 731 (Mass. 2007) ("A dismissal after successful completion

of pretrial probation without a change of plea under G.L. c. 276, § 87 . . . does not require a plea of guilty or an admission to sufficient facts to warrant a finding of guilty . . . ."); *Commonwealth v. Rodriguez*, 802 N.E.2d 1039, 1041 (Mass. 2004) (explaining that pretrial probation and dismissal of charges under Mass. Gen. Laws ch. 276, § 87 is not equivalent to a guilty plea for purposes of statute requiring judge to advise defendant of potential immigration consequences of conviction); *see also Tomashek v. Raleigh Cnty. Emergency Operating Ctr.*, 344 F. Supp. 3d 869, 874-75 (S.D.W. Va. 2018) ("Thus, a pretrial diversion agreement under West Virginia law is a means of *avoiding* a judgment of criminal guilt—the opposite of a conviction in a criminal action. Here, the plaintiff's criminal charges were dismissed after successful completion of the 90-day diversion program. An action cannot invalidate a conviction or sentence that does not exist.").

The courts which hold *Heck* does pose a bar in this circumstance go beyond the "literal language of the [*Heck*] opinion" and rely on the underlying purpose and rationale of *Heck*. *Cabot*, 241 F. Supp. 3d at 252; *see also Kennedy*, 2014 WL 4926348, at *1 ("While the criminal charges were ultimately dismissed, the dismissal, which followed the successful completion of a period of supervised probation, was not one that was 'consistent with the innocence of the accused,' a criterion generally required in order for a disposition to be considered a 'successful termination.' (quoting *Britton v. Maloney*, 196 F.3d 24, 31 (1st Cir. 1999) (addressing requirements for malicious prosecution claim under Massachusetts law))). But other Supreme Court decisions suggest the Court would not read *Heck* so expansively. In *Wallace v. Kato*, 549 U.S. 384 (2007), for example, the Court explained (in the statute of limitations context) that the *Heck* rule "is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated, that is to say, an 'outstanding criminal judgment.'" *Id.* at 393; *see Duarte*, 60 F.4th at 571-73. Again, here, there is no outstanding criminal judgment, or even admission to facts, which is inconsistent with Plaintiff's § 1983 claim. Moreover, in *Thompson v. Clark*, 596 U.S. 36 (2022), the Court held that "[t]o demonstrate a favorable

4

termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983

for malicious prosecution, a plaintiff need only show that his prosecution ended without a

conviction" and does not need to show the prosecution ended "with some affirmative indication of

innocence." *Id.* at 39, 45. Although *Clark* did not directly address *Heck*, it signified a "soften[ing] [of]

*Heck*'s preclusion effect." *Ricci v. Rhode Island*, 2023 WL 4686025, at 15 (D.R.I. July 21, 2023)

(explaining that "there is reason to believe the *Cabot* Court would reach a contrary result, consistent

with this Court, were it to consider the issue post-*Clark*"). In the end, this court concludes that *Heck*

does not bar Plaintiff's § 1983 claims.[3]

    Nevertheless, as Judge Robertson explained, the record does not support Plaintiff's § 1983

claim against Bacis for failure to intervene, "as there is simply no evidence in the record that he even

witnessed Ward's use of force." (Dkt. No. 54 at 20.) As to Castro, however, "Plaintiff testified that

Castro saw Ward implement the arm bar on Plaintiff and did not do or say anything to interrupt it,

and Castro admitted to witnessing Ward bringing Plaintiff to the floor and handcuffing her." (*Id.*)

The court agrees with Judge Robertson that, viewing this evidence in a light most favorable to

Plaintiff, there is "a triable issue as to Castro's liability for failure to intervene." (*Id.*) As to Ward

himself, the evidence is clearly sufficient to advance Plaintiff's claim of excessive force past summary

judgment.

    Defendants also object on the grounds that Plaintiff has not "substantiated a causal

connection between any purported misconduct by the officers and her alleged emotional distress"

for purposes of her IIED claim. (Dkt. No. 55 at 13.) This court does not agree.

    Under Massachusetts law, a plaintiff claiming intentional infliction of emotional
    distress must show that the defendant "intended to inflict emotional distress or that
    [she] knew or should have known that emotional distress was the likely result of [her]

---

[3] Because this court agrees with Judge Robertson's primary recommendation for the court to hold *Heck* poses no bar to
Plaintiff's § 1983 claims, it need not address her alternative recommendation that, even if *Heck* applied under these
circumstances, some of Plaintiff's theories of liability could survive summary judgment because they are not necessarily
inconsistent with her criminal charges.

**APP 144**

conduct"; that the defendant's "conduct was extreme and outrageous," such that it transgressed "all possible bounds of decency and was utterly intolerable in a civilized community"; that the conduct caused the plaintiff to suffer emotional distress; and that this distress "was severe and of a nature that no reasonable [person] could be expected to endure it."

*Sindi v. El-Moslimany*, 896 F.3d 1, 21 (1st Cir. 2018) (quoting *Agis v. Howard Johnson Co.*, 355 N.E. 2d 315, 318-19 (Mass. 1976)). Defendants argue that "[t]he record is devoid of any medical or psychological testimony or documentation that directly correlates the Plaintiff's emotional distress with the actions of Officers Ward and Castro." (Dkt. No. 55 at 13.) But there is no requirement under Massachusetts law for medical testimony in support of Plaintiff's IIED claim. *See Sindi*, 896 F.3d at 23 ("Samia counters that the verdict must nonetheless be overturned because Dr. Sindi failed to introduce any medical testimony in support of her claim. She is wrong: Massachusetts law allows recovery in emotional distress cases based exclusively on lay testimony."); *see also Poy v. Boutselis*, 352 F.3d 479, 485-86 (1st Cir. 2003).

Moreover, "causation is a factbound issue and, as such, is normally left to the trier." *Sindi*, 896 F.3d at 23. Here, the summary judgment record contains discovery responses in which Plaintiff asserts:

> Since this incident I have been suffering with increased anxiety, depression, and trauma. When Officer Ward called me an unfit mother to my face and in front of my children it was extremely hard to hear since I have been doing my best to keep my family safe and together. My children had to watch me get arrested that day. I was hurt and embarrassed. I do not trust the policy any longer and I become afraid and panicked at the sight of police passing my house.

(Dkt. No. 40-2 ¶ 13.) Plaintiff also asserted, in the same discovery responses, that she was out of work for four months as a result of the incident. (*Id.* ¶ 11.) As in *Ciolino v. Eastman*, 128 F. Supp. 3d 366, 379 (D. Mass. 2015), these discovery responses, along with the severity of Plaintiff's alleged injuries (including a fractured elbow), provide sufficient evidence to withstand summary judgment, in that a jury could infer that the conduct of Ward and Castro (in failing to intervene) caused

Plaintiff severe emotional distress. *See also Sindi*, 896 F.3d at 23; *Poy*, 352 F.3d at 486-86; *Dyer v. Steward Carney Hosp., Inc.*, 2021 WL 4554083, at *2-3 (D. Mass. Oct. 5, 2021).[4]

Accordingly, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. As a result, the court denies Defendants' motions to strike (Dkt. Nos. 39, 41); grants Defendants' motion for summary judgment (Dkt. No. 33) as to the negligence claim (Count I), the section 1983 claim against Bacis for failure to intervene (Count II), the *Monell* claim against the City of Springfield and Clapprood (Count III), the MCRA claim (Count IV), and the IIED claim against Bacis (Count V); and denies Defendants' motion for summary judgment as to the section 1983 claims against Ward for excessive force and Castro for failure to intervene (Count II), and the IIED claims against Ward and Castro (Count V).

It is So Ordered.

   /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge

---

[4] The court, however, agrees with Judge Robertson that the IIED claim against Bacis fails for the same reason that the section 1983 claim against him fails: there is no evidence that Bacis witnessed Ward's alleged excessive use of force.