## No. 24-2081

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

―――――――――――

GUISTINA APRILEO,
*Plaintiff-Appellee,*

v.

CHERYL CLAPPROOD, individually and as Police Commissioner, City of Springfield; CITY OF SPRINGFIELD; OFFICER RICHARD T. WARD, individually and as Police Officer, Springfield Police Department; OFFICER THALIA CASTRO, individually and as Police Officer, Springfield Police Department; OFFICER JASON BACIS, individually and as Police Officer, Springfield Police Department,
*Defendants-Appellants.*

―――――――――――

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS IN CIVIL ACTION NO. 3:21-cv-30114-MGM

―――――――――――

## BRIEF OF *AMICUS CURIAE* THE MASSACHUSETTS CHIEFS OF POLICE ASSOCIATION, INC. IN SUPPORT OF DEFENDANTS-APPELLANTS CHERYL CLAPPROOD, CITY OF SPRINGFIELD, ET AL.

―――――――――――

Eric R. Atstupenas (C.A.B. 1186428)
*General Counsel*
Massachusetts Chiefs of Police Association, Inc.
353 Providence Road
South Grafton, Massachusetts 01560
Tel. (508) 375-7793
Fax (508) 839-3702
legal@masschiefs.org

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, the amicus curiae submitting this brief makes the following disclosures: (1) it is a non-profit corporation; (2) it has no parent corporations; and (3) no publicly held corporations own 10% or more of any of its stock, and in fact, it has no stock.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ......................................................i

STATEMENT OF INTEREST OF *AMICUS CURIAE*..........................................1

RULE 29(A)(4)(E) STATEMENT ........................................................2

SUMMARY OF THE ARGUMENT ......................................................3

ARGUMENT ..........................................................................5

     I.     Pretrial Probation Is Not A "Favorable Termination" Under Heck.........................................................................6

     II.    Allowing Section 1983 Claims After Pretrial Probation Undermines Law Enforcement And Public Safety ...........................10

          A. Chilling Effect On Law Enforcement ..........................................11

          B. Undermining The Probation System And Prosecutorial Discretion ...................................................................12

          C. Creating An Unsustainable Burden On Courts And Municipalities.................................................................14

CONCLUSION ........................................................................15

# TABLE OF AUTHORITIES

**Cases**

Blackledge v. Allison, 431 U.S. 63 (1977) ..................................................... 4, 13

Cabot v. Lewis, 241 F. Supp. 3d 239 (D. Mass. 2017) .............................. *passim*

DeLeon v. City of Corpus Christi, 488 F.3d 649 (5th Cir. 2007) ..................... 10

Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005) ................................................. 7, 11

Heck v. Humphrey, 512 U.S. 477 (1994) ..................................................... *passim*

Kennedy v. Town of Billerica, 2014 WL 4926348 (D. Mass. Sept. 30, 2014) .... 8

Olsen v. Correiro, 189 F.3d 52 (1st Cir. 1999) ........................................ 8, 14, 16

Roesch v. Otarola, 980 F.2d 850 (2d Cir. 1992) ........................................ 4, 9, 12

Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980) ............................. 7

Saucier v. Katz, 533 U.S. 194 (2001) ................................................................ 11

Taylor v. Gregg, 36 F.3d 453 (5th Cir. 1994) ..................................................... 7

Teague v. Lane, 489 U.S. 288 (1989) ................................................................ 13

## STATEMENT OF INTEREST OF *AMICUS CURIAE*

The Massachusetts Chiefs of Police Association, Inc. ("the Association") submits this amicus curiae brief in support of the defendants-appellants to emphasize the significant legal and public policy implications of this case. The Association is a non-profit organization representing nearly 370 municipal and campus law enforcement executives across the Commonwealth of Massachusetts. Since its founding in 1887, the Association has been dedicated to advancing professional policing, promoting best practices in law enforcement, and fostering cooperation among police agencies throughout the state. The Association plays a critical role in advocating for policies that ensure the safety of officers and the communities they serve while maintaining the integrity of the criminal justice system.

The Association has a strong interest in this case because a ruling permitting Section 1983 claims following pretrial probation would have far-reaching consequences for law enforcement agencies, police officers, and the broader criminal justice system. Such a ruling would erode the finality of criminal case dispositions, discourage the use of probationary resolutions, and expose officers to an influx of unwarranted lawsuits—compromising their ability to effectively carry out their duties. The Association is particularly concerned that permitting civil litigation after pretrial probation would create a chilling effect on proactive

policing, as officers may hesitate to enforce the law for fear of later being sued, even when acting lawfully.

The Association regularly engages in legislative advocacy and legal matters affecting law enforcement and is well-positioned to provide insight into the broader implications of this case. By accepting pretrial probation, criminal defendants knowingly agree to certain conditions to resolve their cases outside of trial. Allowing them to later relitigate the legitimacy of their charges in a civil forum would undermine judicial efficiency, overburden courts, and weaken public trust in law enforcement and the legal system as a whole. Accordingly, the Association urges this Court to affirm that Heck v. Humphrey bars Section 1983 claims where criminal charges were resolved through pretrial probation, ensuring that law enforcement officers can continue to protect their communities without undue legal uncertainty.

## RULE 29(A)(4)(E) STATEMENT

No part of this brief was authored, in whole or in part, by counsel for any party. No person, including but not limited to any party or party's counsel, other than the *amicus* contributed any money intended to fund the preparation or submission of this brief.

## SUMMARY OF THE ARGUMENT

Under the <u>Heck</u> doctrine, a Section 1983 claim must be dismissed if it necessarily implies the invalidity of a criminal conviction or sentence, unless that conviction has been reversed, expunged, or invalidated through judicial proceedings. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). The plaintiff resolved her criminal charges through pretrial probation: a negotiated resolution that is neither an acquittal nor a declaration of innocence. Because pretrial probation does not constitute a "favorable termination" under <u>Heck</u>, her claim is precluded. Courts across the country, including the Second, Third, and Fifth Circuits, have held that similar conditional dismissals, including adjournments in contemplation of dismissal and pretrial diversion programs, do not meet <u>Heck's</u> favorable termination requirement. Likewise, the District of Massachusetts has ruled that pretrial probation is a final resolution that bars subsequent civil claims. <u>See</u> <u>Cabot v. Lewis</u>, 241 F. Supp. 3d 239, 252-54 (D. Mass. 2017). Permitting the plaintiff to proceed would allow her to relitigate her criminal charges in a civil forum, precisely the type of collateral attack that <u>Heck</u> forbids.

Beyond the legal doctrine, public policy strongly favors barring Section 1983 claims after pretrial probation. Allowing such claims would create a chilling effect on law enforcement, causing officers to hesitate in critical moments for fear of later civil liability. Police officers must make split-second decisions in

3

unpredictable and dangerous situations, and the constant threat of litigation would deter them from taking necessary action to protect the public.

Additionally, a ruling in the plaintiff's favor would undermine the criminal justice system's reliance on negotiated resolutions. Prosecutors offer pretrial probation to efficiently resolve cases while ensuring accountability. If defendants can later challenge the very charges they agreed to resolve, prosecutors will be less likely to offer such agreements, leading to more contested trials, heavier caseloads, and fewer opportunities for rehabilitation. See Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992). Courts have acknowledged that plea bargains and probationary resolutions require a "'measure of finality'" to function effectively. Cabot, 241 F. Supp. 3d at 252, *quoting* Blackledge v. Allison, 431 U.S. 63, 71 (1977).

Finally, permitting Section 1983 claims following pretrial probation would create an unsustainable burden on courts and municipalities. Massachusetts law enforcement agencies and local governments would face an influx of meritless lawsuits from individuals seeking to reframe their criminal resolutions as wrongful arrests. The judiciary should not become a revolving door for individuals who accept pretrial probation only to later disavow it in pursuit of civil damages.

This Court should reaffirm that Heck bars the plaintiff's claim. Pretrial probation is not an exoneration, and allowing such lawsuits would destabilize law

enforcement, overwhelm the courts, and undermine the integrity of criminal adjudications.

## ARGUMENT

The doctrine established in Heck v. Humphrey is a carefully constructed firewall, designed to prevent the civil justice system from being overwhelmed by collateral attacks originating in the criminal justice system. Just as a firewall protects critical infrastructure by maintaining the integrity of its boundaries, Heck ensures that criminal dispositions, including negotiated agreements like pretrial probation, are not undermined by after-the-fact civil litigation that seeks to relitigate resolved matters. Here, the plaintiff attempts to bypass that firewall by presenting a Section 1983 claim, challenging the very same facts that supported her criminal charges— charges that were conditionally dismissed after pretrial probation, not judicial exoneration. This maneuver, if permitted, would invite duplicative litigation, placing police officers in a perpetual state of defense against tactical legal challenges.

The chiefs of police across Massachusetts—dedicated to both public safety and the fair administration of justice—urge this Court to maintain the protective boundary established in Heck. Allowing plaintiffs to leverage pretrial probation as a tool for future litigation would create chaos particularly in the civil courts, turning every conditional dismissal into an opportunity for a conflicting verdict. This Court

must reject such an outcome and reaffirm the firewall that has safeguarded against such chaos for nearly three decades.

## I.    Pretrial Probation Is Not a "Favorable Termination" Under <u>Heck</u>.

The central issue is whether a criminal defendant who successfully completes pretrial probation without a conviction but without an adjudication of innocence can subsequently maintain a claim under 42 U.S.C. § 1983 for false arrest, malicious prosecution, or related claims. Under the <u>Heck</u> doctrine, a Section 1983 claim must be dismissed if it necessarily implies the invalidity of a criminal conviction or sentence, unless that conviction has been reversed, expunged, or invalidated through judicial proceedings. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). The question before the Court is whether a dismissal following pretrial probation constitutes a "favorable termination" under Heck, permitting such a claim to proceed.

For a Section 1983 claim to survive <u>Heck's</u> bar, the plaintiff must demonstrate that the underlying criminal case was resolved in their favor in a manner favorable to the accused. <u>Heck</u>, 512 U.S. at 484. Some of the Circuit Courts of Appeal interpreting <u>Heck</u> have held that pretrial diversion programs, adjournments in contemplation of dismissal, and other conditional dismissals do not satisfy this requirement because they do not affirmatively indicate the

defendant's innocence. Instead, these resolutions merely defer prosecution contingent upon compliance with specific conditions.

In particular, the Second Circuit has held that conditional dismissals, such as New York's adjournment in contemplation of dismissal (ACD) program, do not constitute favorable terminations. See Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980) (an ACD "leaves open the question of the accused's guilt" and thus does not support a Section 1983 action for malicious prosecution). The Fifth Circuit has reached the same conclusion regarding pre-trial diversion programs, emphasizing that they are "far from being in all respects favorable to the defendant." Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994). Likewise, the Third Circuit ruled that Pennsylvania's Accelerated Rehabilitative Disposition (ARD) program did not constitute a favorable termination under Heck. Gilles v. Davis, 427 F.3d 197, 211 (3d Cir. 2005).

The District Court for the District of Massachusetts has adopted this reasoning, recognizing that pretrial probation does not constitute a favorable termination under Heck because it does not reflect a judicial determination that the underlying charges were baseless. Cabot, 241 F. Supp. 3d at 254. Rather than exoneration, pretrial probation represents a judicially sanctioned resolution of a criminal case—one that necessarily involves foregoing a formal determination of guilt or innocence in exchange for dismissal of the charges. Cabot, 241 F. Supp.

3d. at 252. As the court explained, the plaintiff in Cabot entered into a bargained-for exchange with the Commonwealth, where he accepted probationary conditions rather than litigate the validity of his arrest. Id. In doing so, he "'avoid[ed] the possibility of a formal guilty finding but... he also fore[went] a formal finding that his arrest lacked probable cause.'" Id., *quoting* Kennedy v. Town of Billerica, 2014 WL 4926348, at *2 (D. Mass. Sept. 30, 2014).

Moreover, while the plaintiff did not plead guilty or admit to sufficient facts, he nonetheless accepted the authority of the state court to impose probationary conditions. Id. In this way, the court analogized pretrial probation to a *nolo contendere* plea, where, even absent an explicit admission of guilt, the defendant acknowledges the validity of the state's authority to impose sanctions. Cabot, 241 F. Supp. 3d at 253, *citing* Olsen v. Correiro, 189 F.3d 52, 69 (1st Cir. 1999). A federal court ruling that the plaintiff's arrest lacked probable cause would directly contradict that acceptance of state-imposed conditions, effectively negating the probationary terms that the plaintiff had agreed to abide by. Id.

The Cabot court further emphasized that even minor probationary conditions represent an exercise of judicial authority that cannot be ignored in subsequent civil litigation. Cabot, 241 F. Supp. 3d at 253-4. The plaintiff's three-month period of unsupervised probation, along with the requirement that he write a letter of apology, were not insignificant consequences—they reflected a determination by a

state judge of competent authority that some form of sanction was appropriate under the circumstances. Id.

The plaintiff's pretrial probation agreement in this case is not a favorable termination because it did not involve a finding of innocence, nor did it reject the legitimacy of the initial charges. Rather, as in Cabot, the plaintiff entered into a compromise with the prosecution, agreeing to certain conditions to avoid further litigation of her criminal charges. Permitting her to bring a Section 1983 claim based on those same charges would allow her to circumvent the criminal process, effectively re-litigating the validity of her arrest and prosecution in a civil forum.

Moreover, public policy supports rejecting this attempt to relitigate resolved criminal proceedings. In Roesch v. Otarola, the Second Circuit highlighted the risks of such an approach, explaining that allowing a Section 1983 action after pretrial probation "would make prosecutors less likely to consent to adjournments in contemplation of dismissal" and disincentivize the continued use of programs "intended to give first-time offenders a second chance," which – in turn – would consume judicial resources by forcing the courts to resolve constitutional claims. Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992). The Fifth Circuit has also underscored this concern, finding that with respect to a deferred adjudication, "although there is no finding of guilt, there is at least a judicial finding that the evidence substantiates the defendant's guilt, followed by conditions of probation

that may include a fine and incarceration." <u>DeLeon v. City of Corpus Christi</u>, 488

F.3d 649, 656 (5th Cir. 2007).

The <u>Heck</u> doctrine bars the plaintiff's claims because pretrial probation is

not a favorable termination, and allowing such claims to proceed would undermine

the integrity of criminal adjudications. As multiple courts have found, pretrial

probation is a negotiated resolution, not an exoneration, and it cannot serve as the

foundation for a Section 1983 lawsuit. This Court should affirm that <u>Heck</u> bars the

plaintiff's claim and dismiss the case accordingly.

## II.    Allowing Section 1983 Claims After Pretrial Probation Undermines Law Enforcement and Public Safety

A ruling that permits a Section 1983 claim to proceed after a criminal

defendant successfully completes pretrial probation would fundamentally

undermine law enforcement efforts, judicial efficiency, and public safety across

Massachusetts and the broader First Circuit. The question before the Court is not

merely whether <u>Heck</u> bars such claims, but whether the public policy

consequences of allowing these lawsuits would create a dangerous precedent that

would weaken law enforcement, discourage probationary resolutions, and erode

confidence in the criminal justice system.

The <u>Heck</u> doctrine is grounded in the principle that federal courts should not

allow civil claims that imply the invalidity of a prior criminal proceeding unless

that proceeding has been resolved in favor of the plaintiff. <u>Heck</u>, 512 U.S. at 486-7.

The rule exists not only to maintain judicial consistency, but also to protect law enforcement agencies and public institutions from being subjected to meritless litigation that seeks to relitigate already-resolved criminal matters. Permitting such claims creates a chilling effect on law enforcement officers, discourages the use of probationary programs, and compromises public safety.

### A. Chilling Effect on Law Enforcement.

Police officers in Massachusetts and across the country rely on the finality of criminal dispositions to protect them from unjustified lawsuits that seek to second-guess their actions. If individuals who have agreed to pretrial probation can later sue officers for false arrest, malicious prosecution, or excessive force, it would fundamentally undermine the ability of law enforcement officers to do their jobs effectively.

The risks of undermining law enforcement's ability to act decisively in high-stakes situations cannot be overstated. Police officers are frequently required to make "'split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving.'" Gilles v. Davis, 427 F.3d 197, 207 (3d Cir. 2005), *quoting* Saucier v. Katz, 533 U.S. 194, 204-05 (2001)). If courts permit Section 1983 claims to proceed after pretrial probation, it will create a chilling effect on law enforcement, causing officers to hesitate in critical moments for fear of future lawsuits. This hesitation is not just a theoretical concern – it has real-world

11

consequences. It could deter officers from engaging in proactive policing, reduce their willingness to intervene in dangerous situations, and ultimately put communities at greater risk. Law enforcement cannot effectively protect the public if every arrest – regardless of its legal merit – carries the specter of protracted civil litigation. The result would be a fundamental shift away from effective policing, replacing swift and decisive action with uncertainty and second-guessing, thereby endangering both officers and the public they serve.

### B.   Undermining The Probation System And Prosecutorial Discretion.

Massachusetts has long used pretrial probation as a practical tool to resolve cases efficiently while still holding defendants accountable. These agreements allow defendants to avoid the collateral consequences of a conviction while requiring them to comply with court-imposed conditions to demonstrate accountability and rehabilitation. However, if a defendant can later use pretrial probation as a basis for a civil lawsuit against law enforcement, it will undermine the very purpose of these programs.

The Second Circuit warned that allowing Section 1983 claims after pretrial rehabilitation programs would discourage prosecutors from offering these agreements in the first place, as it would leave open the door to future litigation. Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992). If courts allow pretrial probation to serve as a springboard for civil claims, prosecutors will be far less

12

likely to offer probationary deals to defendants – instead forcing them to either plead guilty or face trial. This would clog court dockets, increase incarceration rates, and eliminate a critical tool for alternative dispute resolution.

The District Court for the District of Massachusetts has already recognized the significant risks associated with allowing Section 1983 claims to proceed after a criminal defendant has completed pretrial probation. In Cabot v. Lewis, the court held that such claims would fundamentally undermine the finality of criminal dispositions, a principle that is "'essential to the operation of our criminal justice system.'" Cabot, 241 F. Supp. 3d at 252 (D. Mass. 2017), *quoting* Teague v. Lane, 489 U.S. 288, 309 (1989). The court emphasized that while pretrial probation is not a formal conviction, it is nonetheless a "final disposition of criminal charges" that is judicially approved and imposes at least some restriction on the defendant's liberty. Id. Permitting a subsequent Section 1983 lawsuit that challenges the very basis of those criminal charges – such as by asserting that the arrest lacked probable cause – would directly undermine that finality.

Moreover, Cabot acknowledged that the effectiveness of the criminal justice system relies on the willingness of both prosecutors and defendants to enter into negotiated resolutions, including pretrial probation. Cabot, 241 F. Supp. 3d at 253, *citing* Blackledge v. Allison, 431 U.S. 63, 71 (1977). Such agreements are a crucial component of efficient criminal adjudication, allowing courts to resolve cases

13

fairly while avoiding the burdens of full prosecution. However, the court warned that "'permitting a party who does not contest the court's authority to punish him' – even if only through pretrial probation – 'to bring a subsequent proceeding in which he is able to claim that his punishment was improper would undermine the finality of plea bargains [and pretrial probation] and jeopardize society's interest in a system of compromise resolution of criminal cases.'" Cabot, 241 F. Supp. 3d at 254, *quoting* Olsen v. Correiro, 189 F.3d 52, 69 (1st Cir. 1999).

Failing to uphold the finality of pretrial probation would have far-reaching consequences. If defendants can later challenge their criminal charges through Section 1983 lawsuits, prosecutors will be less likely to offer pretrial probation, depriving defendants of a critical opportunity to resolve cases without the risks of trial. See Cabot, 241 F. Supp. 3d at 253-54. The Cabot court rightly recognized that allowing such claims would undermine judicial efficiency and disrupt the balance of negotiated resolutions in criminal cases. To preserve the integrity of pretrial probation and prevent unnecessary litigation against law enforcement, this Court should affirm that Heck bars Section 1983 claims following pretrial probation.

### C. Creating An Unsustainable Burden On Courts And Municipalities.

Beyond harming police officers and prosecutors, allowing Section 1983 claims after pretrial probation would overwhelm courts with duplicative litigation and expose Massachusetts municipalities to unnecessary liability. The Supreme

Court in <u>Heck</u> recognized the fundamental inefficiency of allowing federal courts to become vehicles for collateral attacks on criminal proceedings, emphasizing that such litigation would strain judicial resources and lead to inconsistent rulings. <u>Heck</u>, 512 U.S. at 484.

If plaintiffs who complete pretrial probation are allowed to later challenge their arrests and prosecutions, it will lead to a wave of baseless lawsuits against cities, towns, and police departments across Massachusetts. Every municipal law enforcement agency in the Commonwealth could face repeated litigation from individuals who, after voluntarily agreeing to pretrial probation, seek financial damages in federal court.

## CONCLUSION

For nearly three decades, <u>Heck v. Humphrey</u> has ensured that Section 1983 is not misused to relitigate resolved criminal matters. The plaintiff now seeks to circumvent that safeguard, leveraging pretrial probation – a negotiated resolution, not an exoneration – to launch a civil lawsuit. But the law does not permit a criminal defendant to accept the benefits of pretrial probation while later disavowing its consequences in federal court.

Allowing such claims would create chaos in the legal system. Prosecutors would hesitate to offer probationary resolutions, clogging court dockets and increasing incarceration rates. Police officers would be forced to second-guess their

decisions in real time, fearing that even a lawfully executed arrest could spark years of litigation. And municipalities across Massachusetts would face an avalanche of lawsuits from individuals who, after voluntarily accepting probation, seek to rewrite history in pursuit of financial gain.

As the <u>Cabot</u> court correctly observed, pretrial probation is a "final disposition of criminal charges," and permitting Section 1983 claims after such a resolution would "'jeopardize society's interest in a system of compromise resolution of criminal cases.'" <u>Cabot</u>, 241 F. Supp. 3d at 252, *quoting* <u>Olsen v. Correiro</u>, 189 F.3d 52, 69 (1st Cir. 1999). That principle must be upheld.

The judiciary is not a revolving door where criminal defendants can walk in, accept probation, and walk out only to return with a civil lawsuit challenging the very charges they agreed to resolve. <u>Heck</u> bars this maneuver, and this Court should reaffirm that fundamental rule.

16

**Certificate of Compliance**

1.  This brief complies with the page limitation of Fed. R. App. P. 29 and 32 because this brief contains 15 pages or fewer, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has be prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point.

/s/ Eric R. Atstupenas
Eric R. Atstupenas (C.A.B. 1186428)
*General Counsel*
Massachusetts Chiefs of Police
Association, Inc.

**Certificate of Service**

I hereby certify that on this 5th day of March, 2025, a copy of the foregoing motion was filed electronically and is available for viewing and downloading on the Court's CM/ECF system, and service was made on all counsel of record via the Court's CM/ECF system.

/s/ Eric R. Atstupenas
Eric R. Atstupenas, CAB # 1186428